(53 Misc. Rep. 449.)

MALLORY v. SARATOGA LAKE BRIDGE CO. et al.

(Supreme Court, Trial Term, Saratoga County.     March, 1907.)

BRIDGES—TOLLS—AUTOMOBILES.

Where a bridge company, maintaining a bridge carrying a highway across a lake, is authorized by its charter, under Laws 1854, p. 139, c. 64, to collect tolls for the passage of certain vehicles and animals, it cannot demand tolls for an automobile, which is not within the terms of its charter.

Action by James S. Mallory against the Saratoga Lake Bridge Company and Egbert E. Emigh, to restrain defendant from imposing tolls on automobiles crossing its bridge. Judgment for plaintiff.

Walter P. Butler, for plaintiff.
John L. Henning, for defendant.

SPENCER, J. The defendant is a domestic corporation, incorporated under chapter 64, p. 139, Laws 1854, pursuant to which it

has constructed and is maintaining a toll bridge across Saratoga Lake. A public highway passes over the bridge. On the 10th of June, 1906, the plaintiff essayed to pass by means of an automobile, and was not allowed, except by the payment of a toll of 25 cents. The plaintiff brings this action to restrain the defendant from the collection of toll, claiming a free passage for himself and automobile.

If we regard the defendant's bridge as a public highway, and I see no escape from that conclusion (Thompson v. Matthews, 2 Edw. Ch. 212, 216; Conklin v. Elting, 2 Johns. 410; 5 Cyc. 1050; 4 Am. & Eng. Encyc. of Law, 945), its right to exact toll is confined to the animals and vehicles specified in the act conferring the franchise. All other animals and vehicles must be presumed to have the right to cross free. The fact that automobiles were not known at the time of the passage of the act can make no difference, for the reason that defendants, by accepting the franchise in consideration for the right to collect the tolls stipulated for, assumed the duty and responsibility of building and maintaining a bridge that would meet the reasonable requirements of all travelers on the public highway, including vehicles and animals then in common use by travelers, and also such as might thereafter come into common use. Its power to collect toll is derived from the provisions of the franchise. It stipulated for no other or further right, and may not exact toll except as therein provided. If it deems it necessary to require payment of toll from others, it must apply to the Legislature for authority so to do. Its powers must be strictly construed. South. Stat. Const. § 378; Bloodgood v. Mohawk & H. R. Co., 18 Wend. 9, 31 Am. Dec. 313; Auburn Plank Road Co. v. Douglass, 9 N. Y. 444; People ex rel. Third Avenue R. R. Co. v. Newton, 112 N. Y. 396, 19 N. E. 831, 3 L. R. A. 174.

The contention which the defendant makes in its brief, to the effect that it has the right to prevent the plaintiff from crossing its bridge with his automobile on the ground that the bridge is not sufficiently strong to sustain the weight, is not within the issue raised by the pleadings. The answer admits that automobiles have come into common use and in crossing jar and weaken the structure more than ordinary vehicles, occasioning additional expense for maintenance, but it nowhere in the answer or by proof makes the claim that the plaintiff was restrained from crossing the bridge for that reason. The defendant was willing that its bridge should be used by automobiles, provided the amount of toll which it exacted was paid. The only issue is whether the defendant is entitled to exact any toll as to automobiles.

It may very well be that an attempt to cross this bridge with an animal or vehicle not in common use by travelers and of such weight as to seriously endanger the bridge by passing over it might be prevented by the defendant in the reasonable exercise of its control; but no such claim is made, no such issue is before the court. The defendant contends that it may impose such toll as in its judgment it deems necessary in respect to the passage of automobiles. If it has such power, then it has authority also to fix whatever toll it may deem reasonable in respect to any person, animal, or vehicle not specifically mentioned in its franchise. I think no such authority may be implied, and

that the defendant is limited to the tolls specifically granted to it by its franchise.

It follows that the plaintiff must have judgment for the relief demanded in the complaint, together with costs.  Ordered accordingly.