### COMMONWEALTH *vs.* JAMES C. GOLDMAN.

Suffolk.   February 21, 1910. — March 23, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Automobile.  Evasion of Carriage Hire.  Words,* "Carriage."

Under R. L. c. 208, § 55, which provides that " whoever . . . with intent to cheat or defraud the owner thereof . . . refuses to pay for the use of a horse or carriage the lawful hack or carriage fare established therefor by any city or town, shall be punished " as therein provided, a complaint cannot be maintained for refusing to pay the lawful fare for the use of an automobile.

KNOWLTON, C. J. The R. L. c. 208, § 55, is in part as follows: " Whoever . . . with intent to cheat or defraud the owner thereof, . . . refuses to pay for the use of a horse or carriage the lawful hack or carriage fare established therefor by any city or town, shall be punished by a fine of not more than twenty dollars or by imprisonment for not more than two months, or by both such fine and imprisonment."

The defendant was found guilty upon a complaint made under this statute. The complaint does not refer to a horse or to a carriage by name, but alleges that the defendant " did use a certain automobile" and did " refuse to pay for the said use of said automobile, the said lawful fare established therefor as

aforesaid." The only question in the case is whether the word "carriage" used in the statute includes automobiles.

The same question was very fully considered in *Doherty* v. *Ayer,* 197 Mass. 241, in reference to the word "carriages" as used in R. L. c. 51, § 1. Much of what was said in that case is equally applicable to the question now before us.

For the Commonwealth, it may be said that the reasons for such a statute are the same in reference to refusal to pay for the use of an automobile, with intent to cheat or defraud the owner, as in reference to a like refusal when a carriage is used. On the other hand, the defendant well contends that this is a criminal statute and that such statutes are always construed strictly in favor of the defendant.

It is certain that when this statute was originally enacted, the Legislature, in using the word "carriage," had no thought of a vehicle made up in large part of complicated machinery, and propelled by a powerful engine whose operation is similar to that of locomotive engines on railroads. While such a vehicle may be called a carriage in the broad sense that it is used to carry persons and property, it is not commonly referred to as a carriage, but is distinguished from carriages by another name to designate a vehicle of an entirely different character.

We are of opinion that automobiles are not included in this statute.

*Exceptions sustained.*

The case was submitted on briefs.

*W. Hirsh,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.