INHABITANTS OF MECHANIC FALLS *vs.* FRANK A. MILLETT.

Androscoggin.　Opinion May 15, 1922.

*Under the provisions of R. S., Chap. 10, Sec. 6, as amended by Chapter 105, Public Laws 1919, but prior to the amendment by Chapter 119, Public Laws, 1921, the exemption from the payment of taxes, relates only to cases where the total property of the soldier or sailor does not exceed the value of five thousand dollars.*

Under the provisions of the R. S., Chap. 10, Sec. 6, as amended by Chapter 105 of the Public Laws of 1919, the exemption claimed in the case at bar relates only to cases where the total property of the soldier or sailor does not exceed the value of five thousand dollars.

When the total property of the soldier or sailor does exceed the value of five thousand dollars, there is no exemption in the amount of five thousand dollars, with taxable burden on the balance, but taxes are assessable and collectible on the full amount of the property.

But said Chap. 10 of the R. S., as further amended by Chapter 119 of the Public Laws of 1921, which was adopted after the assessment of the taxes herein sought to be collected, and after the date of the writ in this case, exempts his property to the amount of five thousand dollars from taxation, and he should be compelled to pay taxes only on the balance of his property over and above said sum of five thousand dollars.

On report on an agreed statement. This action was brought to recover the sum of one hundred and ninety dollars with interest from October 1, 1920, the balance claimed by the plaintiffs to be due from the defendant for unpaid taxes to the town of Mechanic Falls for the year 1920. The defendant was a soldier who served in the war of eighteen hundred and sixty-one and five, but his property subject to taxation exceeded the value of five thousand dollars. Defendant filed the general issue, and a brief statement alleging that the taxes were illegally assessed. The case was reported on an agreed statement, and it was stipulated that should the court find defendant liable, judgment for one hundred and ninety dollars and interest from October 1, 1920, should be entered. Judgment for plaintiffs.

The case is fully stated in the opinion.

*Harry Manser*, for plaintiffs.

*Frank A. Morey*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

PHILBROOK, J. This is an action brought to recover a balance claimed by the plaintiffs to be due from the defendant to the town of Mechanic Falls for unpaid taxes assessed for the year nineteen hundred twenty. The case is submitted on an agreed statement of facts. It is admitted that all requirements of law were complied with in relation to the assessment of the tax and the institution of the action. It is also admitted that the defendant was a soldier who served in the war of eighteen hundred sixty-one and five, was honorably discharged, had reached the age of eighty years, but whose property subject to taxation exceeded the value of five thousand dollars. It is also agreed that the only question for determination is whether the defendant is exempt from taxation, for the year nineteen hundred twenty, upon taxable property to the value of five thousand dollars, the amount sued for being the tax upon five thousand dollars

in value of the defendant's property, which he declined to pay upon the ground that he was exempt from such payment under the provisions of R. S., Chap. 10, Sec. 6, Paragraph IX, as amended by Chapter 105 of the Public Laws of nineteen hundred nineteen. The subject matter of the question to be determined relates, therefore, to statutory exemption from the payment of property taxes.

Previous to the year nineteen hundred nineteen an exemption from the payment of a poll tax had been granted to all soldiers and sailors, regardless of age, who served in the army or navy of the United States in the war of eighteen hundred and sixty-one and five, commonly spoken of as the Civil War, and were honorably discharged from such service. In that year the Legislature provided by amendment that "the estates of all soldiers and sailors who served in the war of eighteen hundred and sixty-one and five, the war with Spain, and the war with the Imperial German government and its allies, and were honorably discharged, who shall have reached the age of seventy years, and whose property shall not exceed the value of five thousand dollars," should be included in the list of tax exemptions.

The defendant, whose property otherwise subject to taxation exceeded the value of five thousand dollars, claims that under the amendment he is exempt from payment of a tax upon five thousand dollars' worth of property and should have been taxed only upon so much of his property as exceeded that sum.

Since the amendment of nineteen hundred nineteen is of such recent origin it is not strange that it has not before been construed by this court, and diligent search among the decisions of other courts fails to disclose any ruling upon this precise point.

While the language of the amendment seems quite plain, and hardly calls for judicial construction, yet we must not overlook the settled decisions relating to the taxation of property, as well as the familiar provision of the fundamental law which requires that "all taxes upon real and personal estate, assessed by authority of this state, shall be apportioned and assessed equally, according to the just value thereof."

Holding fast to a safe and conservative rule regarding legislative exemption from taxation, this court has declared that in order to entitle any kind of property to exemption from taxation, the intention of the Legislature to exempt it must be expressed in clear and unambiguous terms, that all doubt and uncertainty as to the meaning of a

statute is to be weighed against exemption, that taxation is the rule and exemption is the exception. *Portland, Saco and Portsmouth R. R. Co.* v. *Saco*, 60 Maine, 196; *Auburn* v. *Young Men's Christian Association*, 86 Maine, 244; *Gorham* v. *Ministerial Fund*, 109 Maine, 22.

A thoughtful examination of the amendment of nineteen hundred nineteen, under which the defendant claims exemption as above stated, makes clear the fallacy of his claim. By that amendment the Legislature went no further than to say that the aged, honorably-discharged veteran, whose diligence and economy had enabled him to accumulate only a modest fortune, which did not exceed five thousand dollars, should be relieved from drawing upon that accumulation for the support of public charges which are to be met by taxation. It did not say that the veteran, upon whom fortune and financial success had smiled in a measure greater than the sum mentioned in the amendment, should be granted the favor of any part of the tax exemption which was granted to his less fortunate comrade.

We are confirmed in our view as to the legislative intent in nineteen hundred nineteen, under the provisions of which the action at bar was brought, when we observe that the Legislature of nineteen hundred twenty-one, sitting after the bringing of this action and perhaps moved by the situation arising in this very suit, again amended the statute by distinctly exempting from taxation "the estates to the value of five thousand dollars of all soldiers and sailors" who had served in the wars already enumerated, were honorably discharged, and had reached the age of seventy years. This later amendment throws a flood of light upon the intent of the Legislature which voiced the provisions of nineteen hundred nineteen and shows conclusively that the defendant's claim is fallacious as we have already said.

We determine that the defendant is liable for the tax assessed and under the stipulation contained in the agreed statement the mandate must be,

> *Judgment for plaintiffs in the sum of one hundred ninety dollars and interest from October 1, 1920.*