## H. H. WHITNEY v. W. F. WELNITZ AND M. E. REDMOND.[1]

September 29, 1922.

No. 22,726.

**Automobile not exempt from sale on execution.**

1. An automobile is not exempt from levy and sale on execution against the owner under G. S. 1913, § 7951, either as a "wagon, cart or dray."

**Motor essentially a pleasure vehicle.**

2. Its predominating element is that of a pleasure vehicle and not within the intent or purpose of the exemption statute.

**Officer protected by levy under execution regular on its face.**

3. An execution regular and fair on its face constitutes full and complete protection to the officer levying the same on the property of the execution debtor.

**When judgment of justice is presumptively valid.**

4. A justice court judgment which recites jurisdictional facts and has remained undisturbed of record for two years or more is, under G. S. 1913, § 7564, presumptively valid.

**Judgment not subject to collateral attack after two years.**

5. The presumption is conclusive as against collateral attack, and the judgment cannot be impeached by an extrinsic showing of lack of jurisdiction.

Action in the district court for Goodhue county to recover possession of an automobile or for $600 in case of nondelivery, and for $100 damages for detention and ten dollars per week while plaintiff may be deprived of its use. The case was tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed.

*Fraser & Fraser*, for appellants.

*Mohn & Mohn*, for respondent.

[1]Reported in 190 N. W. 57.

Brown, C. J.

Action in claim and delivery for the possession of an automobile or its value, in which plaintiff had judgment and defendants appealed.

The material facts are not in dispute. Defendant Welnitz, on December 5, 1918, recovered a judgment against plaintiff before a justice of the peace in the sum of $79.94. Execution was duly issued thereon and delivered to defendant Redmond, a constable, for collection and enforcement. The officer levied upon the automobile in question and in the due course of procedure sold the same as provided by law in such cases. Plaintiff, the execution debtor, claimed the automobile as exempt under the provisions of G. S. 1913, § 7951, subdivision 6, and before the sale demanded a return thereof to him. The constable refused to recognize the demand, or the exemption right so claimed, and sold the automobile as stated, applying the proceeds on the execution, less costs. The sale occurred on April 8, 1919. The action to recover the automobile was predicated, according to the allegations of the complaint, solely on the claim of exemption. The trial court sustained the claim, expressly finding that the automobile was exempt, and awarded judgment in plaintiff's favor for its value, together with the value of the use thereof subsequent to the execution sale.

In addition to the alleged exemption right, plaintiff at the trial made the further contention that the judgment of the justice on which the execution was issued was void for want of jurisdiction; the precise point being that the summons in the action was not served as required by law. The trial court overruled the point and received the judgment in evidence over the objection of plaintiff.

1. The statute under which plaintiff predicates his claim of exemption, subdivision 6 of section 7951, G. S. 1913, provides, among other things, that one "wagon, cart or dray" shall be exempt from the claims of creditors and not subject to levy and sale on execution against the owner. The statute has been before the court in other litigation, and the word "wagon," as found in the above quoted clause, was construed in one case to include a light open buggy, and in another to include a two-seated upholstered carriage, within

the meaning and intent of the law. Allen v. Coates, 29 Minn. 46, 11 N. W. 132; Kimball v. Jones, 41 Minn. 318, 43 N. W. 74. It was involved again in Shadewald v. Phillips, 72 Minn. 520, 75 N. W. 717, where the court declined to extend the rule of the previous decisions to include a bicycle, the court remarking, speaking through Mr. Justice Mitchell, that the Allen and Kimball cases had gone far enough, and the bicycle was held not a wagon within the purpose of the statute. We think, after careful consideration of the question, that the automobile should receive the same treatment.

The original exemption statute on the subject, enacted many years ago, made use of the word "vehicle" in this particular connection. R. S. 1851, subdivision 9 of section 100, p. 364, chapter 71. But there was a change in the law by the act of August 12, 1858 (Comp. St. 1849-1858, c. 61, subd. 6, § 99), and the words "wagon, cart or dray" substituted for the word "vehicle." As so changed the statute has come down to the present day without other modification. In construing it we have only to inquire as to the legislative intent. In that there seems no particular difficulty. At the time of the enactment of the statute, and when carried into the revision of 1866 in its present form, the automobile was neither known nor even anticipated in the dreams of the layman or most fanciful and resourceful lawmaker. And, although statutes couched in general terms creating rights and liabilities in respect to known and existing facts and conditions are often construed to apply to and embrace somewhat dissimilar yet analogous facts or conditions subsequently arising and coming into being (Johnson v. Starrett, 127 Minn. 138, 149 N. W. 6, L. R. A. 1915B, 708; State v. St. Paul, M. & M. Ry. Co. 98 Minn. 380, 108 N. W. 261, 28 L. R. A. (N. S.) 298, 120 Am. St. 581, 8 Ann. Cas. 1047), we discover no sufficient basis for the conclusion that the automobile is so related in character and general use to the wagon as to come within the exemption purposes of this statute.

The wagon is made use of by the owner in furtherance of his occupation and as a necessary instrumentality or agency in the conduct of the same; for example the farmer, the drayman and others engaged in carting and hauling commodities for hire, from which

he earns his living and supports those dependent upon him. The automobile is not of that character, nor adapted for purposes of the kind. Its predominating element is that of a pleasure vehicle, not necessarily perhaps a differentiating fact, and is owned and possessed by those who pay their debts as well as by those who do not. Its operation upon the public streets and highways is often of such a character as to endanger the lives and safety of third persons, a situation not found in the use of the wagon or buggy drawn by horses, and a declaration that it is exempt under the statute from levy or sale at the suit of one so injured, or at the suit of general creditors, should come from the legislature rather than by judicial construction of a statute enacted in 1858 when such instrumentalities and harmful agencies were wholly unknown. Doherty v. Inhabitants of Ayer, 197 Mass. 241, 83 N. E. 677, 14 L. R. A. (N. S.) 816, 125 Am. St. 355; Commonwealth v. Goldman, 205 Mass. 400, 91 N. E. 392.

The authorities on the subject are not in full harmony, though perhaps no substantial conflict will be found when the decisions of the different courts are viewed in the light and purpose of the particular statutes involved and construed. They are collected and cited in Berry, Automobiles (3d ed.) § 1439, and Huddy, Automobiles, §§ 8, 9, 10, 11. We are cited to no case involving an exemption statute like that of this state wherein it has been held that the automobile comes within the class of vehicles commonly known as wagons, though several of the cited cases classify it with the carriage or vehicle. Prater v. Riechman, 135 Tenn. 485, 187 S. W. 305; U. S. v. One Automobile, 237 Fed. 891; Mallory v. Saratoga Lake Bridge Co. 53 Misc. 446, 104 N. Y. Supp. 1025. In Lames v. Armstrong, 162 Iowa, 327, 144 N. W. 1, 49 L. R. A. (N. S.) 691, Ann. Cas. 1916B, 511, cited and relied upon by plaintiff, the decision turned on the particular language of the Iowa statute, which exempts a wagon "or other vehicle." That decision would sustain plaintiff had our statute remained as originally enacted. But the amendment substituting for "vehicle" the more restricted expression of "wagon, cart or dray," indicates a legislative intent to limit the scope of the law, which we should not extend by construction.

2. The second contention of plaintiff, namely, that the judgment on which the execution was issued is void for want of jurisdiction, therefore that the execution is no protection to the officer, is not sustained. It is well settled law in this state and elsewhere that an execution issued by a court of competent jurisdiction, regular and fair on its face, fully protects the officer who in compliance with its commands levies upon the property of the execution debtor. Orr v. Box, 22 Minn. 485; Johnson v. Randall, 74 Minn. 44, 76 N. W. 791; Baker v. Sheehan, 29 Minn. 235, 12 N. W. 704; Ingraham v. Booton, 117 Minn. 105, 134 N. W. 505, Ann. Cas. 1913D, 212; 3 Dunnell, Minn. Dig. § 8743. Where the writ appears regular in all respects the officer is not required to make inquiry into the sufficiency of the prior proceedings. The execution in this case was issued by a court of competent jurisdiction, in proper form, and contained no suggestion of defects or irregularities in the judgment. Defendant Redmond has therefore a full and perfect defense to the action, since the automobile levied upon was not exempt.

It is also clear that defendant Welnitz, the judgment creditor, has a complete defense to the contention that the judgment is void. The attack upon the judgment and its validity is collateral and not direct. It was rendered and entered by the justice on December 5, 1918, and has since remained unchallenged of record. The justice had jurisdiction of the subject matter, and the docket entries recite a due service of the summons. Under G. S. 1913, § 7564, the judgment being a matter of record for more than two years, the jurisdiction of the justice "over the parties and subject matter" is presumed. The presumption, as against a collateral attack, is conclusive. Vaule v. Miller, 69 Minn. 440, 72 N. W. 452. The scope and effect of the presumption is the same as that attending the judgment of a court of general jurisdiction, and includes the fact of due service of the summons. Vaule v. Miller, 64 Minn. 485, 67 N. W. 540. A justice court summons under certain circumstances may be served by a private person. G. S. 1913, § 7515. If it be assumed that such was the service in the case at bar, the record does not affirmatively show the fact, we are bound under the rule of the presumption stated to further assume that it was authorized by the

order of the justice as provided by that statute. The fact, as against collateral attack, need not be recited in the judgment, and the failure to indorse the authority on the back of the summons, as required by the statute, would at most constitute an irregularity, and not a jurisdictional defect. The absence of the order from the files is not fatal. Vaule v. Miller, 64 Minn. 485, 67 N. W. 540; Ellegaard v. Haukaas, 72 Minn. 246, 75 N. W. 128; Herrick v. Butler, 30 Minn. 156, 14 N. W. 794; 2 Notes on Minn. Reports, 371. The judgment is therefore immune from the indirect attack here made. 2 Dunnell, Minn. Dig. § 5317. The learned trial court properly ignored evidence de hors the record offered by plaintiff for that purpose.

In that view of the case it becomes unnecessary to consider the question of the validity of chapter 170, p. 255, Laws 1917, insofar as it authorizes the service of a justice court summons by a private person; the contention being that the matter of such a service is not within the title of the act. We do not consider the point.

Judgment reversed.