In re McEUEN.

No. 1738.

District Court, W. D. Kentucky, Owensboro Division.

July 22, 1937.

Steinfeld & Steinfeld, of Louisville, Ky., for bankrupt.

HAMILTON, District Judge.

This is an action on petition to review an order of the referee in bankruptcy refusing to set apart as exempt an automobile belonging to the bankrupt.

In the bankrupt's original schedule under title G, "carriages and other vehicles" listed one Pontiac automobile, 1933 model, valuation $200. Under schedule B-5, he claimed as exempt to him, household and kitchen furniture, dental supplies and equipment valued at $700. Later, he amended his schedule and claimed the automobile as exempt. The referee denied the bankrupt's claim for exemption as to the automobile and the bankrupt has filed petition for review.

Under the laws of the commonwealth of Kentucky, for more than half a century, without amendment, there has been exempt to a person with a family, from execution, attachment, distress, or fee bill, "two work beasts, or one work beast and one yoke of oxen; two plows and gear; one wagon and set of gear, or cart or dray." Section 1697, Carroll's Kentucky Statutes, 1930 Edition.

The bankrupt insists that under a liberal construction of the above statute, an automobile comes within its terms.

The referee, the Honorable Ben D. Ringo, in his opinion says:

"It appears to the Referee however that such a holding would lead to many opportunities for injustice to the creditors. It might well be that a bankrupt would be the owner of some type of an automobile or other motor vehicle worth a great deal of money—far beyond any exemption contemplated by those who enacted the Exemption Statutes. It might well be seen that a bankrupt could own a motor vehicle worth several thousand dollars; and the word "Automobile" may well be understood to embrace many kinds of motor vehicles and of varying values. I think if the State Exemption Statutes should be extended by interpretation to include such vehicles, that many abuses would arise in the administration of bankrupt estates. I think also that this is a matter which addresses itself primarily and directly to the legislative branch of the Commonwealth. If such a provision should be within the contemplation of the Legislature of Kentucky, it could very conveniently be enacted into law. The wisdom of such an act would then not be for the determination of those charged with the enforcement of our exemption laws. However, until the Legislature takes such action it is my opinion that an automobile or motor vehicle is not exempt under the laws of this Commonwealth."

The ruling of the referee is sustained. See the following cases: Crown Laundry & Cleaning Co. v. Cameron, 39 Cal.App. 617, 618, 179 P. 525; Whitney v. Welnitz, 153 Minn. 162, 190 N.W. 57, 28 A.L.R. 68; In re Wilder (D.C.) 221 F. 476; Eastern Mfg. Co. v. Thomas, 82 S.C. 509, 64 S.E. 401; Gann v. McGee, 19 Ga.App. 13, 90 S.E. 976; Conlin v. Traeger, 84 Cal.App. 730, 258 P. 433; Meyers v. Rosenzweig, 27 Ariz. 286, 232 P. 886; Morris-Wilson Buick Co. v. Robertson (La.App.) 146 So. 339; Gordon v. Brewer, 32 Ohio App. 199, 166 N.E. 915.

The authorities on this subject are not in harmony and are collected in Berry on Automobiles (3d Ed.) § 1439, and Huddy on Automobiles, §§ 8–11.

Motor vehicles are so dissimilar in use to wagons and teams that I do not believe a court would be justified under a rule of liberal interpretation in including them as being within the provisions of the exemption statute of Kentucky.

Many deaths and serious injuries arise from the use of automobiles on our highways and many persons operate them who own no other property. If automobiles were placed in the exemption class, many owners would be execution-proof against a claim for damages growing out of their use. I agree with the referee that the matter of exempting automobiles from debts of the owner requires legislative action and cannot be accomplished by judicial interpretation. Petition for review will be denied.