INHABITANTS OF THE TOWN OF HOLDEN *vs.* ROSS JAMES.

Penobscot.      Opinion, January 12, 1939.

*B. W. Blanchard*, for plaintiff.
*Michael Pilot*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    On report. Defendant, on April 1, 1936, was an inhabitant of the plaintiff town. He had no family and lived by himself in a single rented room. He owned a cabinet radio valued at $50, which was kept in his room for his own use and enjoyment. The plaintiff town assessed a tax upon this property and brought suit for its collection. The only question presented for determination is whether the property is exempt under the provisions of R. S., Chap. 13, Sec. 6, Part IV. This statute reads as follows:

"The following property and polls are exempt from taxation:

"IV.  The household furniture of each person, not exceeding five hundred dollars to any one family, his wearing apparel, farming utensils, mechanics' tools necessary for his business, and musical instruments not exceeding in value fifty dollars to one family."

Issue is not raised as to exemption as a musical instrument but as to whether the radio in question is an article of household furniture.

The plaintiff relies upon the rule long since established in this state that:

"In order to entitle any kind of property to exemption from taxation, the intention of the Legislature to exempt it must be

expressed in clear and unambiguous terms, that all doubt and uncertainty as to the meaning of a statute is to be weighed against exemption, that taxation is the rule and exemption is the exception." *Mechanic Falls* v. *Millett*, 121 Me., 329, 117 A., 93, 94, and cases there cited.

No uncertainty exists as to the intent of the legislature to exempt household furniture to the aggregate amount of $500. The term is comprehensive instead of particular, generic rather than specific. It refers to articles which, by common acceptation, are included in the general classification. It is not confined to such as may have constituted household furniture at the time of the passage of the statute. The scope of the law is broad enough to include modern inventions which come within its meaning.

It is further contended that defendant is not a member of a family and is not a householder in the ordinary sense of the term.

Unlike the statute in some of the states, the exemption is not to the head of a family or household, but applies to the individual— "the household furniture of each person." There is no implication that articles which are avowedly within the class, as beds, chairs, tables, must be for the common use of members of the family in order to be entitled to exemption. The single apartment of an unmarried person may well constitute his abiding place, his home, and contain his household furniture.

In *Gooch* v. *Gooch*, 33 Me., 535, we find the definition:

"'Household furniture' means those things provided for, and appropriated to uses in the house; as a clock &c."

Webster defines furniture as:

"Articles of convenience or decoration used to furnish a house, apartment, place of business; especially movable articles such as chairs, tables, beds, cabinets, desks, stoves, etc."

Under the circumstances of this case, a radio intended for the use, comfort, convenience and enjoyment of the owner in his home, is held to be an article of household furniture, and under the terms of the report the entry will be

*Judgment for defendant.*