In re MICHEALSON.

No. 19240.

United States District Court
D. Minnesota, Fourth Division.

June 23, 1953.

930

Samuel Segall and Charles Halpern, Minneapolis, Minn., for bankrupt.

John F. Arneson, Minneapolis, Minn., for trustee.

Sidney Feinberg, Minneapolis, Minn., amicus curiae.

JOYCE, District Judge.

This matter came on for hearing before the undersigned judge of this court on the Petition for Review of Referee's Order dated April 14, 1953.

The certificate on review brings in question an order of the referee in bankruptcy which overruled and dismissed bankrupt's exception to the Trustee's Amended Report of Exempt Property wherein the Trustee specifically excepted from the list of exempt property a television receiving set belonging to the bankrupt.

The Bankruptcy Act as amended, Section 6, 11 U.S.C.A. § 24, saves to the bankrupt the exemptions prescribed by applicable state law. The bankrupt claims the television set is exempt under the provisions of M.S.A. § 550.37 which so far as is here pertinent provides:

"No property hereinafter mentioned shall be liable to attachment, or sale on any final process, issued from any court;

\* \* \* \* \* \*

"(2) Family pictures, school books or library, and musical instruments for the use of the family;

\* \* \* \* \* \*

"(5) All wearing apparel of the debtor and his family; all beds, bedsteads, and bedding kept and used by the debtor and his family; all stoves and appendages put up or kept for the use of the debtor and his family; all cooking utensils; and all other household furniture not herein enumerated, not exceeding $500 in value;

\* \* \* \* \* \*

"All articles exempted by this section shall be selected by the debtor, his agent, or legal representative. \* \* \* No property exempted hereby shall be exempt from attachment or execution in an action for the recovery of the purchase money of the same property."

██ The narrow, if novel, question of law for decision is whether the television set is exempt as an item of "household furniture" or as a "musical instrument". It appears that the Minnesota Supreme Court has never had occasion to consider the application of the provisions of the exemption statute to a television set, radio or other item of personal property analogous thereto. However, the construction of the statute as to the character of the exemptions to be allowed the bankrupt is a matter of local law and while in the absence of a controlling state court decision this court is free to adopt its own construction, Vought v. Kanne, 8 Cir., 10 F.2d 747, it is properly to be guided by such decisions of the Minnesota Court as bear on the matter of the legislative purpose and intent in its enactment and the rules of interpretation to be applied thereto. In re Green, D.C.W. D.Va., 34 F.Supp. 791.

██ If the phrase "household furniture" appeared in the statute without the preceding enumeration of specific items, then under a broad construction it might be held to include a television set. A radio was held exempt in Inhabitants of the Town of Holden v. James, 136 Me. 115, 3 A.2d 431, 432, under an omnibus exemption of " 'The household furniture of each person, not ex-

ceeding five hundred dollars to any one family' ". Such construction would not be precluded here by the fact television was unknown when the statute was originally enacted. A statute couched in general terms is to be construed in the light of changing conditions brought about by the progress of the arts. Johnson v. Starrett, 127 Minn. 138, 149 N.W. 6, L.R.A.1915B, 708; see Whitney v. Welnitz, 153 Minn. 162, 190 N.W. 57, 28 A.L.R. 68.

■ However, a contrary conclusion is indicated here because the context of Section 550.37(5) is such that the rule of ejusdem generis is applicable, and its use will insure a result in accordance with the judicially declared policy of the exemption law and the intent of the legislature in its enactment.

The canon ejusdem generis has been applied by the Minnesota court and is now a statutory rule. M.S.A. § 645.08 provides in part:

> "In construing the statutes of this state, the following canons of interpretation are to govern, unless their observance would involve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute:
>
> *   *   *   *   *   *
>
> "(3) General words are construed to be restricted in their meaning by preceding particular words".

In Grimes v. Byrne, 2 Minn. 89, 2 Gil. 72 the rule was applied in interpreting what is now M.S.A. § 550.37(8) which provides for the exemption of "The tools and instruments of a mechanic, miner, or other person, used and kept for the purpose of carrying on his trade". The court in construing that provision said at page 105 of 2 Minn., at page 87 of 2 Gil.:

> "It should be read, therefore, 'The tools and instruments (implements) of every mechanic, minor (miner), or other person, to the exercise of whose trade or business tools or implements are necessary, used or kept for the purpose of carrying on his trade or business, &c.' "

The above statement was quoted with approval in Poznanovic v. Maki, 209 Minn. 379, 296 N.W. 415.

It seems that here, as in the above case, the limitation which is implicit in the specific enumeration relates to an element of necessity. The items enumerated: beds, bedsteads, bedding, stoves and cooking utensils, clearly have a common essential or characteristic. They are all items required to provide the common necessities of life in the household. While a reasonable and liberal view should no doubt be taken as to the degree of necessity contemplated by the statute, it cannot be said that a television set is in that category.

■ That the application of the canon reaches a result in accordance with the legislative plan is evident from an examination of the statute as a whole, which indicates an obvious intent to be as specific as possible in enumerating the property to be exempt. See Poznanovic v. Maki, supra. This indicates that the legislature had principally in mind specific items and such apparently general words as were used therein must be construed accordingly.

Nor does the application of the canon reach a result inconsistent with the judicially ascribed purposes of the statute which as to the property exemptions are indicated to be the preservation of the family, the preservation of the means of supporting and educating the children and maintaining the decencies and proprieties of life, Grimes v. Byrne, supra, and to protect the debtor in the possession of certain useful articles deemed necessary for the maintenance and comfort of the family. Temple v. Scott, 3 Minn. 419, 3 Gil. 306.

■ The television set is not exempt as "household furniture", nor is it exempt as a "musical instrument". In Dunbar v. Spratt-Snyder Co., 208 Iowa 490, 226 N.W. 22, 63 A.L.R. 1016, 1028, it was held that a radio was not exempt as a musical instrument on the ground it does not, of itself, with the aid of its operator produce or initiate the musical sound but merely detects, amplifies and makes audible the sounds produced elsewhere and on other devices.

932

The decision in my view accords a meaning to the phrase consonant with the dictionary definition, a "contrivance by which musical sounds are produced". The characteristics of the television set are identical with those of the radio for purposes of application of this particular statutory exemption and the result must be the same. The inclusion of a television set within the scope of the definition would give a meaning thereto clearly beyond the "common and approved ·usage of the language". Rothschild v. Boelter, 18 Minn. 361, 362.

There may be reasons why in view of the changes in the way of life of the common person resulting from changes occurring in the arts and sciences, both radio and television sets should be exempt in the hands of a debtor. The possession of such instruments may well be considered reasonably essential to the well being, needs and happiness of the family living in today's world but "progressiveness permits no court to read into any law that which it cannot fairly be said the Legislature put there." Dunbar v. Spratt-Snyder Co., supra [208 Iowa 490, 226 N.W. 23].

The order of the Referee herein is affirmed.