Jack KALISH, Respondent,

v.

Josephine Ngah-Man Lo, Respondent,

MOUNT SINAI HOSPITAL, Petitioner.

No. 48488.

Supreme Court of Minnesota.

Sept. 22, 1978.

Mahoney, Dougherty & Mahoney and Gary C. Reiter, Minneapolis, for petitioner.

Hvass, Weisman & King and Reed K. Mackenzie, Minneapolis, for Kalish.

Coulter, Nelson & Sullivan, Minneapolis, for Ngah-Man Lo.

Heard before PETERSON, SCOTT, and GODFREY, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Mount Sinai Hospital (the hospital), defendant in a medical malpractice action, petitions for a writ of prohibition to prevent discovery by plaintiff patient of certain guidelines prepared by one of its review organizations. The petition is denied.

The malpractice complaint of plaintiff, Jack Kalish, alleges that he underwent surgery at the hospital and that as part of postoperative care a Foley catheter was inserted in his bladder. During the course of postoperative care, the catheter balloon broke necessitating additional surgery to remove a portion of it from his bladder. The breaking of the catheter balloon was, according to the complaint, the result of negligence by employees of the hospital in monitoring and observing the catheter.

Plaintiff served pretrial interrogatories on the hospital relating to guidelines in the employment of the catheter. The hospital stated in response to the interrogatories that it had guidelines, entitled "Foley Catheter Insertion," which were prepared in 1971 by a hospital review organization. Plaintiff requested production of the guidelines. When this request was refused, the district court, upon motion of plaintiff, ordered discovery. The hospital then petitioned this court for a writ of prohibition restraining enforcement of the district court order.

The guidelines unquestionably are relevant to the subject matter of plaintiff's malpractice action and thus are discoverable under Rule 26.02, Minnesota Rules of

Civil Procedure, unless they are protected by an evidentiary privilege. The privilege the hospital claims for the guidelines is that granted by Minn.St. 145.61 to 145.67, relating to health care review organizations.

These statutes, and similar statutes in many other states,[1] are designed to serve the strong public interest in improving the quality of health care. The statutes reflect a legislative judgment that improvements in the quality of health care will be fostered by granting certain statutory protections to health care review organizations.[2] In general, these review organizations are composed of physicians or other health care professionals who evaluate the care provided to particular patients and develop guidelines for the norms of health care in a particular institution or area.

Specifically, the "review organizations" that come within the statutory protections are defined by § 145.61, subd. 5, which in pertinent part provides:

"Subd. 5. 'Review organization' means a committee whose membership is limited to professionals and administrative staff * * * and which is established by a hospital * * * to gather and review information relating to the care and treatment of patients for the purposes of:

"(a) Evaluating and improving the quality of health care rendered in the area of medical institution;

\* \* \* \* \* \*

"(d) *Developing and publishing guidelines showing the norms of health care in the area of medical institution.*" (Italics supplied.)

Following this and the other definitions in § 145.61, § 145.62 limits the liability of persons providing information to review organizations. We applied the second of these immunity provisions in one recent case,[3] but none of our prior cases have

considered §§ 145.64 and 145.65, which provide:

"[145.64] All data and information acquired by a review organization, in the exercise of its duties and functions, shall be held in confidence, shall not be disclosed to anyone except to the extent necessary to carry out one or more of the purposes of the review organization, and shall not be subject to subpoena or discovery. No person described in section 145.63 shall disclose what transpired at a meeting of a review organization except to the extent necessary to carry out one or more of the purposes of a review organization. The proceedings and records of a review organization shall not be subject to discovery or introduction into evidence in any civil action against a professional arising out of the matter or matters which are the subject of consideration by the review organization. Information, documents or records otherwise available from original sources shall not be immune from discovery or use in any civil action merely because they were presented during proceedings of a review organization, nor shall any person who testified before a review organization or who is a member of it be prevented from testifying as to matters within his knowledge, but a witness cannot be asked about his testimony before a review organization or opinions formed by him as a result of its hearings. The provisions of this section shall not apply to a review organization of the type described in section 145.61, subdivision 5, clause (h)."

"[145.65] No guideline established by a review organization shall be admissible in evidence in any proceeding brought by or against a professional by a person to whom such professional has rendered professional services."

---

1. See, Holbrook & Dunn, *Medical Malpractice Litigation: The Discoverability and Use of Hospitals' Quality Assurance Records*, 16 Washburn L.J. 54, 74, 75.

2. For general discussion of the importance of protecting health care review organizations,

see *Bredice v. Doctors Hospital, Inc.*, 50 F.R.D. 249 (D.D.C.1970).

3. *Campbell v. St. Mary's Hospital*, Minn., 252 N.W.2d 581 (1977).

These provisions are followed by § 145.66, which makes it a misdemeanor to disclose data and information acquired by a review organization except as authorized by § 145.-64.

■ Only the issue of *discoverability* of the guidelines is before us, any issue as to the *admissibility* of the guidelines having been expressly reserved. In either case, of course, the threshold question under §§ 145.64 and 145.65 is whether guidelines were prepared by a protected "review organization." The guidelines were prepared by a committee consisting of the hospital's assistant director of nursing and three other registered nurses, all of whom are health care professionals within the meaning of § 145.61, subds. 2 and 5. According to an uncontroverted affidavit by a member of the committee, the committee prepared the guidelines "to provide a guide showing a norm of health care for the insertion of the catheter." Thus, in preparing the guidelines in question the committee was acting as a "review organization" within the meaning of § 145.61, subd. 5(d) (quoted above).

■ Since the guidelines were prepared by a "review organization,"[4] the critical inquiry concerns the degree of protection accorded them under §§ 145.64 and 145.65. These two statutes divide review organization material into two different categories, with two different degrees of confidentiality. Under § 145.64, the "data and informa-

tion acquired by a review organization * * shall not be disclosed to anyone" and the "proceedings and records of a review organization shall not be subject to discovery or introduction into evidence in any civil action against a professional arising out of the matter or matters which are the subject of consideration by the review organization." Section 145.65, however, accords more limited protection to *"guidelines"* established by a review organization. Section 145.65 bars the admission of such guidelines into evidence, but is silent as to any privilege barring their discovery. This clearly implies that in making a separate and different provision for "guidelines" under § 145.65 the legislature intended to allow their discovery. We accordingly hold that the guidelines sought by plaintiff come under § 145.65 rather than § 145.64 and may be discovered.

Petition for writ of prohibition is denied.

OTIS, J., took no part in the consideration or decision of this case.

Our opinion filed June 30, 1978, is withdrawn and this opinion is substituted for it. Petition for rehearing is denied.

---

4. The fact that the guidelines were prepared by a protected review organization distinguishes them from the hospital rule held admissible in *Boland v. Garber*, Minn., 257 N.W.2d 384 (1977), and the accreditation manual held admissible in *Cornfeldt v. Tongen*, Minn., 262 N.W.2d 684 (1977).