Michael A. AMARAL, et al., Appellants,

v.

The SAINT CLOUD HOSPITAL,
Respondent.

No. CX–98–784.

Court of Appeals of Minnesota.

Nov. 17, 1998.

Review Granted Jan. 27, 1999.

als, or recommendations regarding my staff privileges or status;

Minutes of meetings where I was discussed;

Complaints, criticisms, reports, recommendations, requests for review, requests for investigation, or any inquires directed to you or your committees referring or relating to me; and

Any records or documents you or your committees received, reviewed or considered in reviewing or reaching any decision about me, my staff privileges or status.

The requests were denied by the vice president of medical affairs, who claimed that the information was confidential under the Minnesota Review Organizations statute and was discoverable only if a physician had received an adverse determination by the hospital and challenged that determination in court.

Richard A. Kempf, Susan E. Oliphant, Maslon Edelman Borman & Brand, L.L.P., Minneapolis, for appellants.

Kevin J. Hughes, Kevin M. O'Driscoll, Hughes, Mathews & Didier, P.A., St. Cloud, for respondent.

Considered and decided by DAVIES, P.J., and SCHUMACHER and SHORT, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants Dr. Michael A. Amaral and Dr. Dan E. Miulli argue that the district court erred in granting respondent The Saint Cloud Hospital's motion for summary judgment on the ground that under Minn.Stat. § 145.64, subd. 2 (1996), records relating to medical staff privileges are confidential. We affirm.

## FACTS

Amaral and Miulli are neurosurgeons at Saint Cloud Hospital. They were denied authorization to perform a medical procedure known as a palidotomy. Because of this denial, Amaral and Miulli each made a request to Saint Cloud Hospital for peer review information relating to staff privileges, membership, and participation status at Saint Cloud Hospital. Both requested essentially the same information:

Records and documents that refer or relate to reviews, evaluations, grants, deni-

After their requests were denied, Amaral and Miulli filed actions, seeking declaratory and injunctive relief, and served a discovery request on Saint Cloud Hospital, seeking the same data, records, and information they had previously requested. Saint Cloud Hospital rejected the discovery request, refused to produce any documents, and filed a motion for summary judgment, arguing the documents were privileged.

The district court granted Saint Cloud Hospital's motion for summary judgment, finding that the language of the statute clearly stated that the requested information was privileged and that this interpretation was supported by the underlying policy of the statute. The court also found that the action was a declaratory judgment action to obtain records, not an underlying cause of action in which discovery requests may be granted.

## ISSUE

Did the district court err as a matter of law in granting Saint Cloud Hospital's summary judgment motion on the basis that, under Minn.Stat. § 145.64, subd. 2 (1996), peer review materials are confidential and may not be disclosed merely upon request?

## ANALYSIS

■ In reviewing a district court's grant of summary judgment, this court must decide whether any issues of material fact exist and whether the district court erred in applying the law. *Wartnick v. Moss & Barnett,* 490 N.W.2d 108, 112 (Minn.1992) (citing *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988)). In this case, determining whether summary judgment was properly granted turns on the construction of a statute. Interpreting a statute is a question of law that this court reviews de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985). The words and phrases of a statute are to be interpreted according to their most natural and obvious meaning unless it would be inconsistent with the manifest intent of the legislature. *Homart Dev. Co. v. County of Hennepin,* 538 N.W.2d 907, 911 (Minn.1995) (citing Minn. Stat. § 645.08 (1994)).

■ As a general rule, all data and information discussed by a review organization is confidential and is subject to neither discovery nor subpoena. Minn.Stat. § 145.64 subd. 1 (1996). This restriction does not, however, apply to

> professionals requesting or seeking through discovery, data, information, or records relating to their medical staff privileges, membership, or participation status. However, any data so disclosed in proceedings shall not be admissible in any other judicial proceeding than those brought by the professional to challenge an action relating to the professional's medical staff privileges or participation status.

Minn.Stat. § 145.64, subd. 2 (1996).

■ Amaral and Miulli are not challenging an adverse decision made by the review organization, rather they are arguing that the statute allows them to obtain all peer review materials relating to them *either* by simply requesting them *or,* in the alternative, by serving discovery requests on the review organization. Saint Cloud Hospital, on the other hand, argues that physicians are not entitled to their peer review materials merely upon request, in the absence of an adverse action relating to staff privileges or participation status. Either would defeat the purpose of the statute, which is to ensure that other physicians are free to come to the committee with candid and honest reports. We find Saint Cloud Hospital's argument persuasive.

■ In this case the legislative intent of the statute is clear, even though the language itself is not. The policy and purpose behind the language of Minn.Stat. §§ 145.61–.67, as they relate to health care organizations, is to

> serve the strong public interest in improving the quality of health care. The statutes reflect a legislative judgment that improvements in the quality of health care will be fostered by granting certain statutory protections to health care review organizations.

*Kalish v. Mount Sinai Hosp.,* 270 N.W.2d 783, 785 (Minn.1978). Furthermore, the statute is designed to encourage medical professionals to monitor their own activities without judicial interference. *Campbell v. St. Mary's Hosp.,* 312 Minn. 379, 389, 252 N.W.2d 581, 587 (1977). In other words,

> courts are ill equipped to pass judgment on the specialized expertise required of a physician, particularly when such a decision is likely to have a direct impact on human life.

*Id.*[1]

The legislative intent spelled out in *Kalish* and *Campbell,* supports Saint Cloud Hospital's refusal to disclose the peer review materials. The information Amaral and Miulli

---

1. Amaral and Miulli argue that these cases were decided prior to the enactment of subdivision 2, the section of the statute that is in dispute in this case, and as a result are not helpful in interpreting the legislature's intent. Still, they concede that there have been no subsequent decisions specifically interpreting subdivision 2. As a result, this court may draw inferences regarding the intent of the legislature from earlier caselaw dealing with the same statute. *See* Minn.Stat. § 645.17(4) (1996) (courts may be guided by the following presumption in ascertaining legislative intent: "When a court of last resort has construed the language of a law, the legislature in subsequent laws on the same subject matter intends the same construction to be placed upon such language.").

requested is utilized by Saint Cloud Hospital in the peer review process to evaluate and improve the quality of care. The extent to which peer review materials are available to outside sources could well affect the nature and result of the monitoring process. The practice of medicine involves referrals, collegiality, and cooperation. Confidentiality of physician files is essential to ensure the highest quality medical practice. If physicians could access all peer review materials at any time, even without any adverse decision affecting their status or privileges, other physicians may be reluctant to participate fully in peer review activities or to make full and candid reports about their colleagues. Without the complete confidentiality protections of the statute, the legislative purpose of the statute would be defeated. Judicial interference with the self-monitoring of medical professionals is inconsistent with *Campbell,* and we agree with the district court that it is unwarranted.

In essence, this case involves two competing concerns: Amaral's and Miulli's right to view materials relating to them and Saint Cloud Hospital's right to ensure the highest quality of care. Amaral and Miulli argue that the policy behind the statute is vindicated because the legislature has already addressed the competing policy concerns. It is the individual right of Amaral and Miulli, however, that must give way. *See* Minn.Stat. § 645.17(5) (1996) (presuming that legislature intends to favor public interest over any private interest). Furthermore, the statute must be examined as a whole. Minn.Stat. § 645.16 (1996) ("every law shall be construed, if possible, to give effect to all its provisions"). As a whole, the act encourages free discussion in order to ensure the highest quality of care. The confidentiality requirement in Minn.Stat. § 145.64, subd. 2, is simply an extension of that purpose.

■ Alternatively, Amaral and Miulli argue that because they sought peer review materials "through discovery," they are entitled to access, relying on the language of Minn.Stat. § 145.64, subd. 2. But there is no underlying cause of action as to which these "discovery requests" relate. The "underlying" cause of action is identical to the discovery requests: both seek access to the peer review materials and nothing more. The pretense of "discovery" is insufficient to overcome the statutory presumption of limited access. The district court did not err in denying "discovery."

### DECISION

Amaral and Miulli are not entitled to peer review materials upon request. Access in the absence of a challenge to an action relating to staff privileges or participation status or discovery relevant to separate litigation would defeat the legislative intent of Minn. Stat. § 145.64, subd. 2 (1996). The district court did not err in granting Saint Cloud Hospital's motion for summary judgment.

**Affirmed.**