**In re Rhonda Rae IRWIN, Debtor.**

**Bankruptcy No. 98–47629.**

United States Bankruptcy Court,
D. Minnesota.

March 31, 1999.

Craig W. Andresen, Bloomington, MN, for debtor.

**152**

John R. Stoebner, Minneapolis, MN, trustee.

### ORDER REGARDING DEBTOR'S EXEMPTIONS

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came before the court for hearing on February 17, 1999, on the motion of the Trustee objecting to certain of the Debtor's claimed exemptions. The Trustee also sought to limit Debtor's claimed exemption of funds in her bank account to the one dollar listed in her schedules. John Stoebner appeared as the Trustee, and Craig Andresen appeared on behalf of the Debtor. Based upon the record before the court and the arguments of counsel, I make the following findings and conclusions.

Debtor seeks to exempt as household appliances her computer, monitor, and printer valued at $500 and her lawnmower valued at $5. Debtor acknowledges that she keeps the computer for pleasure, such as letter writing, and does not use it for job-related purposes. The relevant portion of the Minnesota exemption statute provides that the following shall be exempt: "(a) All wearing apparel, one watch, utensils, and foodstuffs of the debtor and the debtor's family; and (b) household furniture, *household appliances,* phonographs, radio and television receivers of the debtor and the debtor's family, not exceeding $4,500 in value." Minn.Stat. § 550.37(4). The Trustee objects to these claimed exemptions because he says a computer and a lawnmower do not fall within the commonly understood definition of a household appliance. Accordingly, I must interpret the phrase "household appliance" to determine whether it encompasses a computer or a lawnmower. The Trustee, as the objecting party, bears the burden of proving the claimed property is not exempt. Fed.R.Bankr.P. 4003(c).

The object of interpreting the Minnesota exemption statute, of course, is to ascertain and effectuate the intention of the legislature. Minn.Stat. § 645.16. If the language chosen by the legislature is unambiguous, the language controls. *Hersh Properties, LLC v. McDonald's Corp.,* 588 N.W.2d 728, 735 (Minn.1999). When language is ambiguous, however, a court must consider such language in light of the subject matter of the statute, the purpose of the statute, the occasion and necessity for the law, and the consequences of a particular interpretation. Minn.Stat. § 645.16; *Hersh Properties,* 588 N.W.2d at 736; *State v. Wagner,* 555 N.W.2d 752, 754 (Minn.Ct.App.1996).

Certain rules of statutory construction may also help to determine the legislature's intent when a statute's language is ambiguous. Several rules are particularly relevant for the case at hand. For instance, words and phrases of a statute should be interpreted according to their most natural and obvious meaning, unless such a reading would be inconsistent with the manifest intent of the legislature. *Amaral v. St. Cloud Hosp.,* 586 N.W.2d 141, 143 (Minn.Ct.App.1998). Every law should be construed to give effect to all of its provisions. Minn.Stat. § 645.16; *Wagner,* 555 N.W.2d at 754. That is, the statute should not be interpreted so that any word, phrase, or sentence is superfluous, void, or insignificant. *Duluth Firemen's Relief Ass'n v. City of Duluth,* 361 N.W.2d 381, 385 (Minn.1985). Finally, a court cannot supply that which the legislature purposely omits or inadvertently overlooks. *State v. Jones,* 587 N.W.2d 854, 856 (Minn. Ct.App.1999); *see also In re J.M.,* 574 N.W.2d 717, 723 (Minn.1998) ("Canons of statutory construction militate against reading into statutory text a provision not already there."). Specifically, the enumeration of items to be included in the statute implies the exclusion of other, similar, items. *Underwood Grain Co. v. Harthun,* 563 N.W.2d 278, 281 (Minn.Ct.App.1997); *Brandt v. Hallwood Mgmt. Co.,* 560 N.W.2d 396, 400 (Minn.Ct.App.1997).

■ The Minnesota Legislature chose the specific term "household appliance" for the exemption statute. Unlike other states, which commonly use the term "household goods," Minnesota's choice of "household appliance" is a much more limited concept. As Webster's Dictionary defines it, an appliance is "a household ... utensil, apparatus, instrument, or machine that utilizes a power supply, especially electric current." While narrower than the term household good, this phrase is still not free from ambiguity. It is, of necessity, a term that could incorporate a variety of items. Therefore, I must look to the rules of statutory construction as well as the purpose of the statute to determine the intended meaning and scope of the phrase "household appliance."

## Computer

■ Turning to the rules of statutory construction, I will first consider the "most natural and obvious" meaning of appliance. As one court defined it, "an 'appliance' is a thing used as a means to an end." *Beard v. Plan* (*In re Plan*), 5 B.R. 429, 431 (Bankr.S.D.Iowa 1980). Another court suggests "envisioning where a reasonably prudent, hypothetical consumer would find the particular item in question if he were to use the directory or sales catalog of any large, well-established retail department store...." *In re Vale*, 110 B.R. 396, 406 (Bankr.N.D.Ind.1989). The term brings to mind such items as refrigerators, stoves, ovens, washers and dryers, and vacuums. Typically, one does not think of a computer in the same category as a refrigerator or washer and dryer and would not expect to find them in the same department of a department store. In short, the "most natural and obvious meaning" of appliance does not include a computer.

Defining appliance to include a computer poses further problems. A computer in many ways serves a similar purpose as a television. Both items, in large part, provide entertainment and are sources of information in today's households. Herein lies the problem. If a computer were included in the definition of appliance, it would render superfluous the language exempting televisions. If a computer is an appliance, so is a television; thus, listing "television" in addition to "appliance" would be unnecessary. To avoid this result, as I must, a computer cannot be an appliance.

The listing of phonographs and radio and television receivers counsels against including computers for another reason: listing these items implies an intent to exclude similar items. *Underwood Grain,* 563 N.W.2d at 281; *Brandt,* 560 N.W.2d at 400. As noted above, a court cannot add to the statute that which the legislature has omitted or overlooked. *Jones,* 587 N.W.2d at 856. Including a computer, in essence, would serve to amend the statute, not interpret it. Indeed, the Minnesota Legislature has clearly shown its ability to add to the statute when necessary. In 1953 the Federal District Court for Minnesota found that televisions were not included in this same statute as household furniture. *In re Michealson,* 113 F.Supp. 929 (D.Minn.1953). The legislature later amended the statute to specifically include televisions. 1978 Minn.Laws 6607. If the legislature determines that computers should be exempt, it can amend the statute again, but that is a legislative decision not within the province of this court.

■ Moreover, because the statute is ambiguous, I can properly look beyond the language to the purpose of the statute to determine the legislature's intent. The Minnesota Supreme Court has noted that Minnesota's exemption provisions, like those of every state, are designed to protect a debtor's fundamental needs by limiting the assets available to creditors. *Medill v. State,* 477 N.W.2d 703, 708 (Minn. 1991). The court has further stated:

The humane and enlightened purpose of an exemption is to protect a debtor and his family against absolute want by allowing them out of his property some reasonable means of support and edu-

cation and the maintenance of the decencies of life.

*Id.* (quoting *Poznanovic v. Maki,* 209 Minn. 379, 296 N.W. 415, 417 (1941)). A computer, while becoming more and more commonplace in households, simply is not *necessary* to protect the Debtor from want. And, while certainly helpful and convenient, it is not necessary to maintain "the decencies of life." Therefore, the underlying purpose of the statute does not change the outcome. The language of the statute, the rules of statutory construction, and the purpose of the statute all lead to the same conclusion: a computer is not exempt as a household appliance.

*Lawnmower*

■ Again, I first turn to the most natural an obvious meaning of appliance. Although perhaps not first to come to mind, a lawnmower comes closer to meeting this test than a computer. A lawnmower is more utilitarian than a computer and meets one court's test in that it serves as a means to an end. *Beard,* 5 B.R. at 431. On the other hand, one would not expect to find a lawnmower next to, for example, the vacuums in a department store. *See Vale,* 110 B.R. at 406. Accordingly, while a lawnmower does not pass this test with flying colors, it does not clearly fail either.

Second, a lawnmower does not suffer from many of the drawbacks associated with including a computer as an appliance—a lawnmower is nothing like a television or any of the other items listed. Thus, it does not render any language superfluous, and it is not necessarily excluded by the enumeration of the other items. In sum, the rules of statutory construction bring no clear answer.

The purpose of the statute, however, supports reading lawnmower into the phrase "household appliance." If the Debtor is forced to relinquish the lawnmower, she would either have to purchase another one or hire someone to mow her lawn. She cannot simply go without a lawnmower as she could a computer. As

such a necessity, a lawnmower easily fits into the legislature's intent to protect the Debtor from want. *Medill,* 477 N.W.2d at 708.

On balance, although the legislature could easily add "lawnmower" to the statute, as Nevada and Washington did by exempting yard equipment, Neb.Rev.Stat. § 21.090(b) (1997); Wash.Rev.Code § 6.15.010(a) (1995), the Trustee simply has not met his burden of proof with respect to the lawnmower. I find that the lawnmower is exempt.

*Bank Account*

The Trustee also requests that Debtor's exemption of funds in her bank account be limited to the $1.00 listed in her schedules. To the extent the Debtor's balance in her bank account exceeds the sum of $1.00 on her bankruptcy filing date, the Trustee's right to object to any claimed exemption is preserved until such time as Debtor may amend her schedules.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The objection to the exemption of the computer is SUSTAINED;

2. The objection to the exemption of the lawnmower is OVERRULED;

3. The Trustee's right to object to the claimed exemption of funds in Debtor's bank account is preserved until such time as Debtor may amend her schedules.

SO ORDERED.