THE COMMERCIAL STATE BANK OF WAVERLY, *Appellant*, v. LETITIA C. ROSS, as Executrix, etc., *Appellee*.

No. 18,365.

SYLLABUS BY THE COURT.

1. PROBATE COURT—*May Correct Classification of Claim at Subsequent Term.* Where a demand against an estate, upon allowance by the probate court, is inadvertently assigned to a different class from that to which it rightfully belongs, the court may, even at a subsequent term, correct the classification to correspond to the fact, upon due application and notice.

2. DEMAND—*Against Estate—Note—Not "Expense of Last Sickness."* A demand against the estate of a decedent, founded upon a note given by him to raise money to pay his doctor's bill, can not be classified as a part of the expenses of his last sickness.

3. EXECUTRIX—*Paying Claims under $50 Without Affidavit—Credit Allowed Executrix.* Where an executor or administrator has allowed and paid a just claim against the estate of less than $50, he is not to be denied credit therefor upon an accounting, because of his failure to require from the claimant the statutory affidavit of its correctness.

Appeal from Coffey district court. Opinion filed July 5, 1913. Modified.

*E. J. Crego,* of Burlington, for the appellant.
*Joe Ralston,* of Burlington, for the appellee.

The opinion of the court was delivered by

MASON, J.: George W. Ross died August 9, 1909. Letitia C. Ross was appointed executrix September 20, 1909. She filed an annual report October 3, 1910, showing the estate to be insolvent, all the assets having been devoted to the payment of claims. The Commercial State Bank of Waverly, a general creditor of the intestate, filed a motion attacking the report, and in effect asking that the executrix be denied credit for some of the payments made by her, so that a fund would be provided for the payment of the bank's claim. Before a final hearing of this motion the probate court reclassified several demands which had been allowed as claims of the fifth class, changing their rating to the second class. With these changes the report was approved, the result being that the bank was denied relief. It appealed to the district court, where the ruling was affirmed, and it now appeals to this court.

The principal contention of the appellant is that the order of the probate court allowing each of the demands referred to, and classifying it as a claim of the fifth class, was in effect a judgment,

which became final because not appealed from, leaving the court without power to make any change in the amount or classification. The probate court must be deemed to have found that the first classification was the result of an inadvertence. Under the provision of the code (Civ. Code, § 596, subdiv. 3) authorizing a judgment to be set aside "for mistake, neglect or omission of the clerk, or irregularity in obtaining it," the district court may vacate a judgment which was the result of a misapprehension on the part of the judge (*Cooper v. Rhea*, 82 Kan. 109, 107 Pac. 799, 136 Am. St. Rep. 100, 29 L. R. A., n. s., 930, 20 A. & E. Ann. Cas. 43). The provision applies equally to the probate court. (Civ. Code, § 605; *Wolfley v. McPherson*, 61 Kan. 492, 495, 59 Pac. 1054.) Therefore, if by inadvertence a demand was assigned to a lower class than that to which it rightfully belonged, the probate court had jurisdiction to correct the error even at a subsequent term, and justice required such correction to be made.

Whether the disputed claims in fact belonged in the second or in the fifth class is a question which has not been argued in this court, and which therefore we are not in a position to decide. The largest of the claims, however, appears to have been one presented by the First National Bank of Waverly, based upon a note executed to it by the testator May 20, 1909. The executrix stated that this claim, with others, was for the doctor's bill. Probably her meaning was that the money borrowed from the bank by the decedent was used to pay the doctor, but this would not give any preference to the bank's claim against the estate upon the note. The ruling upholding the authority of the probate court to correct errors in the classification of claims is approved, but owing to the condition noted the cause will be remanded with directions that the district court take whatever evidence may be necessary to determine to which class each of the claims in fact

belongs, and conform the final order to such determination.

The appellant also complains that in a number of instances a claim of less than fifty dollars was allowed and paid by the executrix without an affidavit of its correctness having been made as required by law. (Gen. Stat. 1909, § 3525.)   Such allowance and payment was irregular, but not important in an attack upon the account of the executrix, if the claims were in fact just, which seems to have been the case.   An executor or administrator who pays a valid demand against the estate is entitled to reimbursement out of its funds. (18 Cyc. 570.)

The judgment is modified as indicated.