(106 So. 188)

### BRAKE et al. v. GRAHAM et al.
### (8 Div. 731, 734.)

(Supreme Court of Alabama. Oct. 15, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Deeds ⚖➡58(4)—No effective delivery of deed in grantor's lifetime shown, where grantor reserved locus pœnitentiæ.**

Where deed to infant son, not recorded until after grantor's death, was left by grantor with his attorney, with understanding that grantor could again assume custody and control of property, and grantor continued to treat property as his own, offering it for sale, the grantor thereby reserved the locus pœnitentiæ, so that there was no effective delivery to grantee in grantor's lifetime, necessary to make deed valid.

**2. Deeds ⚖➡200—Letter accompanying deed, seen by attorney of grantor for first time after his death, held to have no bearing on question of delivery of deed.**

Unmailed letter to grantor's attorney, accompanying deed, found among grantor's papers, which attorney saw for first time after grantor's death, though dated several years previous, held to have no bearing on question of delivery of deed, so as to make it valid, since

delivery must be complete in lifetime of grantor.

**3. Executors and administrators ⊚⟹177—Watch of moderate value, worn by deceased, held to be part of "wearing apparel," exempt in favor of widow and minor child.**

A watch of moderate value, worn and used by decedent, constituted part of his "wearing apparel," exempt in favor of widow and minor child, under Code 1923, § 7921.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wearing Apparel.]

**4. Executors and administrators ⊚⟹177—Piano and phonograph held to be part of "household furniture," exempt in favor of widow and minor child.**

Piano and phonograph are part of "household furniture," exempt in favor of widow and minor child, under Code 1923, § 7921.

**5. Executors and administrators ⊚⟹177—Mounted deer horns held part of "household decorations," exempt in favor of widow and minor child.**

Mounted deer horns *held* to be part of "household decorations," exempt in favor of widow and minor child, under Code 1923, § 7921.

**6. Executors and administrators ⊚⟹177—Pistol held within exemption class in favor of widow and minor child; "household furniture."**

Pistol, valued at $10, among household effects and useful for protection of home, *held* to come within exemption class in favor of widow and minor child, under Code 1923, § 7921. (Citing Words and Phrases, First Series, "Household Furniture".)

**7. Guardian and ward ⊚⟹136—General guardian held not entitled to attorney fees for procuring sale of land in cross-bill, where petition for sale was embraced in original petition.**

Denial of attorney fees as part of costs to general guardian of minor for procuring sale of land under guardian's answer and cross-bill was not an arbitrary exercise of discretion, given by Code 1923, § 9319, to allow fees, since sale of land was embraced in original bill in cause and petition by guardian amounted only to insistence that land be sold.

**8. Descent and distribution ⊚⟹117—Evidence held to show that accounts against heirs were not intended as advancements.**

Evidence *held* to show that accounts against heirs in decedent's ledger were not intended as advancements.

**9. Descent and distribution ⊚⟹98—Conveyance to infant son held to provide for education and not by way of advancement.**

Conveyance by testator to infant son by second marriage, at time when testator was advanced in life and was solicitous as to education of infant son, and children of first marriage had already been reared to maturity, *held* to be for purpose of providing for son's education, and not by way of advancement.

**10. Executors and administrators ⊚⟹500—Disallowance of compensation to administratrix, failing to comply with statute requiring notice by publication of appointment, held proper.**

Disallowance of compensation to administratrix on ground that she failed to comply with Code 1907, § 2588, requiring notice by publication of her appointment, was proper, where statute expressly provided that no compensation be allowed under such circumstances.

**11. Deeds ⊚⟹72(7)—Deed by testator to son held not to be result of undue influence.**

Deed by testator, a man of affairs, who had amassed considerable property, to son by second marriage, *held* not to be result of undue influence, where testator frequently referred to fact that he had given property to son, and there was no pretense that at time of execution of deed he was otherwise than enjoying mental and physical vigor.

**12. Executors and administrators ⊚⟹111(6)—Allowance of credit to administratrix of fees paid her attorney held proper.**

Allowance of credit to administratrix of $500 paid to her solicitor *held* proper, where facts showed that solicitor rendered services which were necessary to administration of estate.

**13. Executors and administrators ⊚⟹281—Allowance to administratrix of credit for accounts due by estate, filed within time and paid by administratrix, held proper, though not verified.**

Allowance to administratrix of credit for accounts due by estate and paid by administratrix was proper, though claims had not been verified as required by law, since it is not purpose of statute requiring verification to penalize administratrix, who paid claim presented within time, knowing it was justly due, by refusing to allow credit therefor.

**14. Executors and administrators ⊚⟹109(1)—Allowance of credit to administratrix for $10 automobile hire for appraisers in viewing estate held proper.**

Allowance to administratrix of credit for $10, paid for automobile hire for appraisers, in viewing property, was proper where expenditure resulted in saving to estate by expediting work of appraisers.

**15. Dower ⊚⟹84—Allowance of maximum dower of one-sixth of proceeds of sale of lands held proper.**

Allowance under Code 1923, § 5878, of maximum dower of one-sixth of proceeds of sale of land, which sale was consented to by widow in writing, was not error, where there was no proof as to value of rents widow would have received, had lands been set apart as dower, and evidence showed that widow was 48 years old, and ill at time of husband's death, though she fully recovered.

**16. Appeal and error ⊚⟹1078(1)—Motion to dismiss appeal, not argued in brief by movant, containing only amendable irregularities, overruled.**

Where jurisdiction of court as to appeal could not seriously be questioned, a motion to

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dismiss appeal, not argued in brief by movant, involving only matters of amendable irregularities, will be overruled.

Appeal from Circuit Court, Morgan County; James E. Horton. Judge.

Bill in equity by Lula Graham and others against Willie Brake and others. From the decrees, both respondents and complainants appeal. Affirmed in part, and in part reversed and remanded.

Kirk & Rather, of Tuscumbia, and Sample & Kilpatrick, of Hartsells, for appellants.

Whenever there is an intent on the part of the grantor in the deed to deliver same, a mutual tradition of the instrument is not necessary. McLure v. Colclough, 17 Ala. 89; Simmons v. Simmons, 78 Ala. 365; Napier v. Elliott, 146 Ala. 213, 40 So. 752, 119 Am. St. Rep. 17. When a purported deed is shown to have been signed, acknowledged, and certified, and recorded in probate office, this is sufficient proof of complete execution. Sulzby v. Palmer, 194 Ala. 527, 70 So. 1; Ward v. Ross, 1 Stew. (Ala.) 136; Frisbie v. McCarty, 1 Stew. & P. (Ala.) 56; Elsberry v. Boykin, 65 Ala. 336; Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 613, 53 So. 812; Culver v. Carroll, 175 Ala. 469, 57 So. 767, Ann. Cas. 1914D, 103. Upon execution and delivery of a deed in escrow, nothing further remains to be performed by the grantor. Ashford v. Preuitt, 102 Ala. 266, 14 So. 663, 48 Am. St. Rep. 37; Fitzpatrick v. Bingham, 130 Ala. 450, 30 So. 500; Farr v. Chambless, 175 Ala. 661, 57 So. 458. There was error in the decree as to exemption of wearing apparel and household furniture to the widow. Code 1923, § 7921; Phillips v. Phillips, 151 Ala. 527, 44 So. 391, 125 Am. St. Rep. 40, 15 Ann. Cas. 157. Refusal of the court to allow the general guardian of the minor compensation for services of attorneys in procuring sale of property was error. Code. 1923, §§ 6261, 9319; Wood v. Barnett, 208 Ala. 295, 94 So. 338; Betts v. Ward, 196 Ala. 248, 72 So. 110; Sullivan Timber Co. v. Black, 159 Ala. 585, 48 So. 870; Francis v. White, 142 Ala. 590, 39 So. 174; Northen v. Tatum, 164 Ala. 375, 51 So. 17; Bidwell v. Johnson, 191 Ala. 200, 67 So. 985. The adult heirs of the estate should have been required to account for advancements made to them. Mitchell v. Mitchell, 8 Ala. 414. There was no error in allowing credit to the administratrix for unsworn accounts. Code 1923, § 5818. To deprive a personal representative of compensation, he must be guilty of gross negligence or willful default. Smith v. Kennard, 38 Ala. 695; Neilson v. Cook, 40 Ala. 498; Ivey v. Coleman, 42 Ala. 409; Elmore v. Cunninghame, 208 Ala. 15, 93 So. 814.

E. W. Godbey, of Decatur, for appellees.

The law presumes that the deed to the Cunninghame place was an advancement. Dent v. Foy, 210 Ala. 475, 98 So. 390; Rumbly v. Stainton, 24 Ala. 716; 1 R. C. L. 676; 22 R. C. L. 291. The administratrix was not entitled to credit for unverified claims. Kennedy v. Lyle, 200 Ala. 604, 76 So. 962; Brannan v. Sherry, 195 Ala. 272, 71 So. 106. Allowance of one-sixth of the proceeds of the estate to the widow was error. Sherard v. Sherard, 33 Ala. 489. The understanding that the grantor might recall the deed rendered it abortive. Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812; Culver v. Carroll, 175 Ala. 469, 57 So. 767, Ann. Cas. 1914D, 103; Alexander v. Alexander, 71 Ala. 295; Wood v. Ingram, 3 Strob. Eq. (S. C.) 105, 51 Am. Dec. 671; Ward v. Russell, 121 Wis. 77, 98 N. W. 939; Griswold v. Griswold, 148 Ala. 239, 42 So. 554, 121 Am. St. Rep. 64; Renehan v. McAvoy, 116 Md. 356, 81 A. 586, 38 L. R. A. (N. S.) 941. The items received by complainants were not advancements. 18 C. J. 938; Sharpe v. Blanton, 194 Ala. 460, 69 So. 889. Failure of the administratrix to advertise her appointment barred all compensation. Code 1907, § 2588.

GARDNER, J. The bill in this cause was filed by the appellees against appellants, seeking the removal of the administration of the estate of J. L. Brake, deceased, from the probate to the equity court, the sale of lands for division among the heirs, determination as to advancements, cancellation of a certain deed executed by the decedent to his infant son, and other purposes growing out of the administration of the estate now unnecessary to enumerate. From the decrees rendered, the respondents prosecuted the original appeal, and complainants have taken a cross-appeal.

[1] The question of major importance presented on the original appeal relates to the action of the court below in canceling the deed executed by decedent to his infant son, Paul Brake, and this ruling rested upon the theory there had been no effectual delivery of the deed. J. L. Brake signed two deeds to his son Paul—one to what is called the Cunningham place, in Morgan county, which was recorded in January, 1913. The validity of this deed is upheld as against the attack that it was the result of undue influence, and the court further decreed it was not intended as an advancement. The other deed (and the one presently under consideration) was to what is known as the Russell place, in said county, and was signed in May, 1912, but not recorded until March, 1920, some time subsequent to the death of J. L. Brake. Paul, the infant son, was at the date of said deed about 2 or 3 years of age, and effectual delivery is sought to be shown by delivery to the grantor's attorney for the son. Delivery is, of course, an indispensable requisite to the validity of a deed, and it is necessary that the delivery should be made in the lifetime of the grantor—

"for 'there can be no delivery by a dead hand.' * * * There may be an inchoate delivery in the grantor's lifetime, which may become absolute on his death. * * * Deeds are sometimes delivered by a grantor to a third person as a depositary, with instructions to deliver to the grantee on the contingency of the grantor's death. * * * The first depositary is a trustee, holding the deed for the benefit of the grantee. * * * If the deed is subject to be recalled by the grantor before delivery to the grantee, there is no effectual delivery by the maker." Culver v. Carroll, 175 Ala. 469, 57 So. 767, Ann. Cas. 1914D, 103.

As said by the court in the Culver Case, supra:

"The real question involved * * * is not whether the grantor * * * entertained a general intention that the subject-matter of the deed should at some time and in some way pass to the grantee named, for that intention would always be quite plainly evidenced by the mere fact of preparing and signing the deed. The true inquiry is: * * * Did he execute that intention by a sufficient delivery of the deed in his lifetime, intending by that act to then pass the title?"

The following statement of the rule from the Indiana Supreme Court met the approval of this court in the Culver Case, supra:

"Where the claim of title rests upon the delivery of the deed to a third person, the deed must have been properly signed by the grantor, and delivered by him, or by his direction, unconditionally, to a third person for the use of the grantee, to be delivered by such person to tl e grantee, either presently, or at some future day, or upon some inevitable contingency, the grantor parting, and intending to part, with all dominion and control over it, and absolutely surrendering his possession and authority over the instrument, so that it would be the duty of the custodian or trustee for the grantee, on his behalf, and as his agent and trustee, to refuse to return the deed to the grantor, for any purpose, if demand should be made upon him."

And the above statement of the law is in harmony with that found in Fitzpatrick v. Brigman, 130 Ala. 450, 30 So. 500, where it was held that:

"The delivery must be so effectual as to deprive the grantor of the right to revoke it. For so long as he reserves to himself the locus pœnitentiæ, there is no delivery—no present intention to divest himself of the title to the property."

Applying these principles to the situation as we find it in this record, we are persuaded the chancellor reached the correct conclusion in holding there had been no effectual delivery of this deed. About the time of its execution the grantor's son John Brake was in serious trouble in the criminal courts, and much expense was pending, as well as liability upon his bail bond. The deed was left with the attorney who prepared it, but it was never recorded. The deed to the Cunningham place was executed a few months subsequent, and promptly recorded, and it is suggested that doubtless the grantor intended this as a substitute for the former deed. But, however that may be, and whatever may have been the motive, it is satisfactorily made to appear that the deed here in question was left with the attorney with the belief, if not the express understanding, that the grantor could again assume its custody and control, which in fact was done, the grantor requesting its return, and the attorney very promptly complying therewith.

[2] After the death of the grantor the deed was produced from the bank as among his private papers. The letter to the attorney, found accompanying the deed, was never mailed or delivered to the attorney, and he only saw it after the grantor's death; it bearing date some years previous. The letter, under these circumstances, can serve no purpose upon the question of delivery. The delivery must be complete in the lifetime of the grantor. "There can be no delivery by a dead hand." The grantor continued to treat the land embraced in this deed as his own, and several times offered it for sale. Other detail circumstances need not be discussed. Suffice it to say we are convinced that as to this deed the grantor reserved to himself the locus pœnitentiæ, its custody and control, and that in fact there was no effectual delivery. The decree annulling this deed, therefore, is correct.

[3-6] The chancellor confirmed the register's report denying exemption to the widow and minor child of the watch, piano, phonograph, mounted deer horns, and a pistol, under the provisions of section 7921, Code of 1923. Each of these articles was of moderate value. The watch was one worn and used by decedent. It constituted a part of his wearing apparel, exempt under the above-cited statute. Such was the express holding of this court in Phillips v. Phillips, 151 Ala. 527, 44 So. 391, 125 Am. St. Rep. 40, 15 Ann. Cas. 157. The piano was a part of the household furniture; likewise the phonograph. The mounted deer horns, also, just as household decorations, would be exempt. Phillips' Case, supra. The pistol, valued at about $10, was among the household effects, and useful for protection of the home. It appears to us, under our liberal rule of construction as to statutes of this character, the pistol should also come within the exemption class. The case of Cole v. Fitzgerald, 1 Sim. & S. 189, cited in 4 Words and Phrases, First Series, "Household Furniture," p. 3362, is authority for this conclusion. The chancellor, therefore, erred in thus confirming that portion of the register's report.

[7] The general guardian of the minor filed answer and cross-bill, wherein was sought a sale of the lands for division, which was done, and the lands sold. The application of the guardian to be allowed as a part of the

costs of that proceeding an attorney's fee for procuring the sale was denied, and this constitutes one of the assignments of error. It is insisted that, while this is a matter resting largely in the discretion of the court (Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; section 9319, Code 1923), yet the discretion was arbitrarily exercised in this particular, and the denial of compensation was therefore error. Francis v. White, 142 Ala. 590, 39 So. 174. We are of the opinion, however, there has been no abuse or mere arbitrary exercise of this discretion in the instant case. The sale of the lands was sought and embraced in the original bill in this cause, and the petition to that end by the guardian amounted to only a stimulant to action, or to calling attention or insisting that the land be sold. But the entire subject-matter was already before the court, and we are unwilling to disturb the action of the court in this respect.

[8] Some of the adult heirs, John Brake, Lula Graham, and the estate of O. C. Brake, deceased, were sought to be charged with certain sums as advancements, but the court below declined to do so. We are in accord with this ruling. The accounts as appear in decedent's ledger were not placed there simultaneously with the transactions, but afterwards; the widow (his second wife) stating that she saw him write them down. As to Lula Graham, the ledger shows the charges were originally against her husband, and the chancellor concluded that the words "and wife" were subsequently added. The account consists of many small items, and also shows some credits. The John Brake account also shows many small items from time to time, and the evidence shows that decedent felt himself under great obligation to this son, who seems to have assumed much risk at one time in defense of his father. The son O. C. Brake was in business in the West, and it appears the father also became interested as a partner. One of the items of this account, the sum of $1,000, shows that it was to be repaid out of the "first money taken in store." There is also an item for "funeral expenses and return tickets." All the facts and circumstances considered, we are not of the opinion the sums were intended as advancements to these heirs. Mitchell v. Mitchell, 8 Ala. 414; Dent v. Foy, 210 Ala. 475, 98 So. 390.

[9] While upon this question, it is proper to add just here that we have reached a like conclusion as to the land deeded to Paul, the infant son, known as the Cunningham place. It is urged by cross-appellants that the conveyance of this land should be considered as an advancement, but it appears that the children by his first marriage had been reared to maturity and settled in life. Some of them had received some college education, though to a very limited extent. Decedent was at that time advanced in life, and was solicitous as to the education and welfare of Paul, the infant son, and we are persuaded that this conveyance was made to better provide for his education, and not by way of advancement. The cross-assignment of error is therefore without merit. Authorities supra.

[10] The chancellor disallowed compensation to the administratrix upon the ground that she had failed to comply with the provisions of the statute requiring notice to be given by publication as to her appointment. The statute (section 2588, Code 1907) expressly provides that any executor or administrator failing to make the same must not be allowed any compensation as such. The court below but followed the plain mandate of the statute, and this action must be here approved.

In consideration of the assignment of errors by cross-appellants, we have previously expressed our view that the conveyance to the son Paul of the Cunningham land was not intended as an advancement, and further treatment of that question is unnecessary.

[11] The insistence that this deed was the result of undue influence needs little, if any, discussion. The grantor was a "man of affairs," had amassed considerable property, and evidently a man of good sound business judgment. He frequently referred to the fact he had given the place to Paul. There is no pretense that at the time of the execution of this deed he was otherwise than enjoying both mental and physical vigor. There may have been some influence exerted on the part of the second wife, the mother of Paul; but, very clearly, there was no undue influence, such as condemned by law, and as invalidates transactions of this character. This insistence is without merit.

[12] The chancellor allowed credit to the administratrix in the sum of $500 paid to her solicitor. While the examination of the administratrix shows some confusion in her own mind, yet the facts developed do disclose that the solicitor representing her in this suit rendered services and gave counsel, and that such services were necessary in the administration of the estate. We are unwilling to disturb this ruling.

[13] The administratrix was also allowed credit for an account due by the estate of $27.76 to one C. C. Doss, and $10.73 due to J. T. Templeton, and $75.47 due one Stephenson. This ruling constitutes the third cross-assignment of error, and is based upon the fact that these claims had not been verified as required by law. Kennedy v. Lyle, 200 Ala. 604, 76 So. 962; Burgess v. Burgess, 201 Ala. 631, 79 So. 193. The purpose of the statute was to prevent imposition upon the estate, and protect it against fraudulent or unjust claims, and the above-cited authorities are to the effect that claims not so verified as required by statute may be defeated. We do not think, however, that it was the purpose of the statute to penalize an administrator, who paid a claim presented within the time required,

knowing it was justly due, by refusing to allow such administrator credit therefor upon a settlement of the estate. The case of Commercial State Bank v. Ross, 90 Kan. 423, 133 P. 538 (cited in note, 24 C. J. p. 969), treating a similar statute, and speaking to a like insistence as here, sustains this view; the court saying:

"Such allowance and payment was irregular, but not important in an attack upon the account of the executrix, if the claims were in fact just. * * * An executor or administrator who pays a valid demand against the estate is entitled to reimbursement out of its funds. 18 Cyc. 570."

[14] The chancellor committed no error in this ruling. Nor was there error in allowing the administratrix credit for $10 paid for automobile hire for the appraisers in viewing the property of the estate. From this record it would appear that this resulted in a saving to the estate, in that it expedited the work of the appraisers, so that it was completed in a much shorter period of time. It is not questioned that the amount paid was reasonable.

[15] The widow consented in writing that the lands be sold, and allowance made for dower out of the proceeds. Complaint is made that the maximum of one-sixth was allowed. Section 5878, Code 1923. The insistence to the contrary is not based upon the separate estate of the widow, which was small, but upon her age and state of health, citing Sherard v. Sherard's Adm'r, 33 Ala. 489. The widow was 48 years of age. At the time of her husband's death she was ill with the flu, and afterwards suffered some from rheumatism. But these proved but temporary troubles, from which there was full recovery. There is no proof as to the value of rents she would have received, had the lands been set apart as dower. The valuation of such dower interest in such cases is one of much difficulty. In view of all the circumstances, we are unwilling to disturb the ruling of the chancellor in confirming the report of the register as to the widow's dower.

We have here considered the several assignments of error presented by the record. In the main, and upon the question of major importance on this appeal, we find ourselves in accord with the chancellor, only differing as to the question of exemptions herein previously discussed. It results, therefore, that upon the original appeal the decree will be in part affirmed, and in part reversed and remanded, and affirmed as to the cross-appeal.

[16] The motion to dismiss the appeal is not argued in brief by the movant. The jurisdiction of the court as to the appeal cannot be seriously questioned, and the motion involves only matters of irregularities, which are in any event amendable. The motion, not being argued by the movant, needs therefore no discussion here, and will be overruled.

Let the costs of the original appeal be taxed equally against the appellants and appellees. Cross-appellants will pay the cost incident to the cross-appeal.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.