## MICHEALSON v. ELLIOTT.
### No. 14897.

United States Court of Appeals,
Eighth Circuit.

Feb. 1, 1954.

Samuel Segall, Minneapolis, Minn., filed brief for appellant.

No brief was filed for appellee.

Before GARDNER, Chief Judge, and STONE and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the bankrupt from an order of the United States District Court for the District of Minnesota affirming an order of the referee in bankruptcy which overruled and dismissed the bankrupt's exception to the trustee's amended report of exempt property, wherein the trustee specifically excepted from the list of claimed exempt property a television receiving set owned by the bankrupt. In re Michealson, D.C., 113 F.Supp. 929.

The facts are not in dispute. At the time of the bankruptcy the bankrupt owned and had possession of a certain television set which he had owned and

used in his home exclusively for a period of two years. The set cost $300 when it was acquired.

The Bankruptcy Act, as amended, § 6, 11 U.S.C.A. § 24, saves to the bankrupt the exemptions prescribed by applicable state law. The bankrupt claims that the television set is exempt under § 550.37 of the Minnesota Statutes Annotated, which so far as pertinent reads:

"No property hereinafter mentioned shall be liable to attachment, or sale on any final process, issued from any court:
    *    *    *    *    *    *

"(2) Family pictures, school books or library, and musical instruments for the use of the family;
    *    *    *    *    *    *

"(5) All wearing apparel of the debtor and his family; all beds, bedsteads, and bedding kept and used by the debtor and his family; all stoves and appendages put up or kept for the use of the debtor and his family; all cooking utensils; and all other household furniture not herein enumerated, not exceeding $500 in value;
    *    *    *    *    *    *

"All articles exempted by this section shall be selected by the debtor, his agent, or legal representative. * * * No property exempted hereby shall be exempt from attachment or execution in an action for the recovery of the purchase money of the same property."

■ The question presented to the referee and the district court was whether the television set is exempt either as an item of "household furniture" or as a "musical instrument." Both the referee and the court held that it was not exempt as either. The bankrupt contends that in so holding they erred.

It is admitted here that there is no decision of the Supreme Court of Minnesota construing the Minnesota exemption statute, supra, as it may be applied to a television set.

However, the canon ejusdem generis has been applied by the Minnesota Court, and it has been enacted into a statutory rule. Minnesota Statutes Annotated, § 645.08 provides:

"In construing the statutes of this state, the following canons of interpretation are to govern, unless their observance would involve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute: * * *

"(3) General words are construed to be restricted in their meaning by preceding particular words".

Counsel for appellant very persuasively argues that this statute should be liberally construed to effectuate the purpose and intention of the legislature. This principle was recognized by both the referee and the court, and they both concluded that such a construction does not bring a television set within the exemptions of the statute.

In the opinion of Judge Joyce in the district court it is said: "If the phrase 'household furniture' appeared in the statute without the preceding enumeration of specific items, then under a broad construction it might be held to include a television set.
    *    *    *    *    *    *

"However, a contrary conclusion is indicated here because the context of Section 550.37(5) is such that the rule of ejusdem generis is applicable, and its use will insure a result in accordance with the judicially declared policy of the exemption law and the intent of the legislature in its enactment." [113 F.Supp. 930.]

■ The situation presented brings the case within the rule frequently expressed by this and other federal appellate courts, namely, in the proper construction and application of a state statute, not passed upon by a court of the state, we "will accept the considered views of a District Judge as to doubtful questions of local law." National Bellas Hess, Inc., v. Kalis, 8 Cir., 191 F.2d 739, 741. This case is quoted with approval and followed in Kimble v. Willey, 8 Cir., 204 F.2d 238, 243, in which many other

authorities on the same point are cited. Here no fact and no ruling of a Minnesota court are called to our attention which would warrant a reversal of this rule which has been followed for many years by this court.

Affirmed.