**In the Matter of Duane Gale BEARD, and Jean P. Beard, Debtors.**

**Duane Gale BEARD, and Jean P. Beard, Plaintiffs,**

**v.**

**Dial PLAN, Defendant.**

**Bankruptcy No. 80–862–C. Adv. Pro. No. 80–0095.**

United States Bankruptcy Court, S. D. Iowa.

Aug. 7, 1980.

Duane Gale Beard pro se and Arnold O. Kenyon, III, Creston, for debtors.

Edward Ronwin, Urbandale, for defendant Dial Plan.

## MEMORANDUM OF DECISION

RICHARD STAGEMAN, Bankruptcy Judge.

At Des Moines, in the Southern District of Iowa, on the 7th day of August, 1980.

Duane Gale Beard and Jean P. Beard filed a joint voluntary petition in bankruptcy on June 9, 1980.

The defendant, Dial Plan, is listed on Schedule A–2, annexed to the debtors' petition, as a secured creditor with a security interest in personal property.

Schedule B–4, annexed to the debtors' petition, sets out all of the debtors' personal property selected as exempt under 11 U.S.C. § 522(d)(3), (5).

The following items selected as exempt are also collateral claimed by the defendant under a security agreement dated February 23, 1979.

Household Goods; 1 pneumatic Stapler; 1 Yashica FR 2 1.9 Winder; 1 Yashica TL Electro X; 1 YUS 75–150 F3.9 Zoom; 1 Sony Betamax SL 600; 1 Pioneer SX–727 REC; 1 Sharp RT–3388; 4 Yamaha Zenith Speakers; 4 Pr. Cross Country Skies [sic].

On June 19, 1980, the debtors filed a complaint under 11 U.S.C. § 522(f) to avoid the defendant's security interest (lien).

The property claimed exempt by the debtors is exempt.

The lien of the defendant is nonpossessory and nonpurchase-money.

At the time of trial the court ruled that the defendant's lien was void as to the debtors' "household goods." The pneumatic stapler was no longer in existence. The court further ruled that the defendant's lien on the debtors' camera equipment and the skis was valid and not avoidable under 11 U.S.C. § 522(f). The camera equipment

was not used in the debtors' trades or professions and did not qualify as a class of property set out in 11 U.S.C. § 522(f)(2)(A).

Title 11 U.S.C. § 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

The only question remaining is whether the stereo equipment * (a stereophonic sound reproduction system) and the Sony Betamax SL 600 (a television recorder) comes within the intendment of 11 U.S.C. § 522(f)(2)(A), and more particularly the terms "household furnishings," "household goods," "appliances," or "musical instruments."

Few courts have made a distinction between the terms "household furniture" and "household goods." The legislative history of the Bankruptcy Code of 1978 (Pub.L. No. 95–598), offers no explanation for the use of both terms.

Corpus Juris Secundum, 35 C.J.S. (Exemptions) § 37, p. 55 (1960), states that "household furniture" applies only to those vessels, utensils or goods which are designed for use in the family as instruments

---

* The 1 Pioneer SX–727 REC; 1 Sharp RT–3388; and 4 Yamaha Zenith Speakers.

of the household, and for conducting and managing household affairs. This definition suggests a quality of usefulness or utility.

Minnesota's Supreme Court distinguished the two terms in *Webb v. Downes*, 93 Minn. 457, 101 N.W. 966 (1904).

Clearly, 'household goods' is a wider term than 'furniture' including everything about the house that is usually held and enjoyed therewith, and that tends to the comfort and accommodation of the household.

Household goods extend to property that even though not necessary or even useful are adjuncts of a family's enjoyment and convenience. A picture has qualified, *Patrons' Mutual Aid Soc. v. Hall*, 19 Ind.App. 118, 49 N.E. 279 (1898), and so have mounted deer horns, *Brake v. Gramham*, 214 Ala. 10, 106 So. 188 (1925).

The *Brake* case also held a photograph was part of a household's "furniture." A latter day phonograph, a stereo, was held exempt from execution as a "necessary" household furniture and appliance under California law. Cal.Civ.Proc.Code § 690.1. *In re Sanabia*, 95 Cal.App.3d 483, 157 Cal. Rptr. 56 (1979). In *In re Ruppe*, 3 B.R. 60, 1 CBC 2d 479 (D.Colo.1980), a bankruptcy judge held a stereo system came within a "narrow" interpretation of the term "household goods" as used in 11 U.S.C. § 522(f)(2).

The Eighth Circuit approved a decision that a television was not exempt property, that is, was not household furniture under Minnesota's exemption statute, *Michealson v. Elliott*, 209 F.2d 625 (8th Cir. 1954). That statute, Minn.Stat.Ann. § 550.37, enumerated a number of specific items as exempt, such as beds and stove and then "all other household furniture." In reaching its conclusion the district court invoked the rule of *ejusdem generis*.

Absent the required application of that rule the trial court stated:

If the phrase 'household furniture' appeared in the statute without the preceding enumeration of specific items, then under a broad construction it might be held to include a television set.

*Michealson v. Elliott, supra* at 626.

The Bankruptcy Code section under consideration here sets out very distinct classes of personal property. No class is intended to restrict the meaning of any other. The rule of *ejusdem generis* does not apply.

■ An "appliance" as used here connotes some useful domestic function, that is, personal, family or household use. In the broadest sense an "appliance" is a thing used as a means to an end. *Murray v. Royal Indem. Co.*, 247 Iowa 1299, 78 N.W.2d 786, 787 (1956). In the context of 11 U.S.C. § 522(f)(2)(A) and modern living it is most likely an instrument or machine that utilizes a power supply, especially electric current, as a vacuum cleaner, refrigerator, toaster, or air conditioner. See *generally, City of Collinsville v. Maryland Cas. Co.*, 28 Ill.App.3d 1081, 329 N.E.2d 832, 834 (1975).

■ A "musical instrument" has been defined as an instrument having the capacity in and of itself when properly operated to produce or initiate the musical sound. "Produce" includes the thought expressed by the phrase "in and of itself" as meaning to originate, to give an origin or beginning to, or to bring into existence. *Dunbar v. Spratt-Snyder Co.*, 208 Iowa 490, 226 N.W. 22 (1929). In the *Dunbar* case a radio receiving set was held not to be a musical instrument under Iowa's exemption statute. Section 11760, *Code of Iowa* (1924).

■ The television recording system and the stereo sound system are not appliances or musical instruments within the meaning of those terms as used in 11 U.S.C. § 522(f)(2)(A).

■ The court cannot, however, think of any sound reason, and none has been offered by the defendant, why in the year 1980, considering its wide acceptance and use as a source of family entertainment and enjoyment, the stereo sound system should not be considered "household goods," under 11 U.S.C. § 522(f)(2)(A).

The television recording system serves much the same purpose as the stereo system. The principal and only real distinction is that the television recorder reproduces visual images as well as sound. That alone should not disqualify it as goods of the household if the stereo so qualifies.

The nonpossessory and nonpurchase-money security interest of the defendant, Dial Plan, in the Sony Betamax SL 600; the Pioneer SX–727 REC; the Sharp RT–3388; and the 4 Yamaha Zenith Speakers, should be avoided.

An appropriate order will be entered.

### ORDER ON COMPLAINT TO AVOID LIENS

At Des Moines, in the Southern District of Iowa, on the 7th day of August, 1980.

The complaint of the debtors filed June 19, 1980, to avoid liens on certain exempt property, was tried on July 21, 1980. The following persons appeared: the debtors in person and by their attorney, Arnold O. Kenyon, III; and the defendant, Dial Plan, by its attorney, Edward Ronwin.

NOW, upon the memorandum of decision containing the findings of fact and the conclusions of law filed August 7, 1980, the Court finds the following order should be entered:

It is ORDERED, that the security interest of the defendant, Dial Plan, in 1 Yashica FR 2 1.9 Winder; 1 Yashica TL Electro X; 1 YUS 75–150 F3.9 Zoom; and 4 Pr. Cross Country Skies [sic], is a valid subsisting security interest.

It is further, ORDERED, that the security interest of the defendant, Dial Plan, in the plaintiffs' Household Goods; 1 Sony Betamax SL 600; 1 Pioneer SX–727 REC; 1 Sharp RT–3388; and 4 Yamaha Zenith Speakers, is invalid under 11 U.S.C. § 522(f) and hereby avoided.