**In re Lawrence F. SHAFFER, III and Judith L. Shaffer, Debtors.**

**Bankruptcy No. 87–00217.**

United States Bankruptcy Court,
D. South Carolina.

April 8, 1987.

Reid B. Smith, Smith and Watkins, Columbia, S.C., for debtors.

H. Flynn Griffin, Robert F. Anderson, P.A., Columbia, S.C., for trustee.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the objection of the trustee to the debtors' claim of an exemption in silverware which consists of sterling silver flatware (knives, forks, spoons, etc.), as well as silver-plated flatware, most of which were given to the debtors as wedding presents about twenty-eight years ago. The trustee's objection is that the silverware is not exemptable under applicable state law. Replying to the trustee's objection, the debtors cite the South Carolina exemption statute, S.C. Code Section 15–41–200 (Supp.1986), and emphasize that the exemption statute does not require that property be necessary for a "fresh start" [1] in order to qualify as exempt property.

### ISSUE

The issue is whether the silverware qualifies as exempt property under S.C. Code § 15–41–200(3) (Supp.1986).

### FINDINGS OF FACT

On January 21, 1987, the debtors filed a petition for relief under chapter 7 of the United States Bankruptcy Code (11 U.S.

---

1. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

784

§ 101 et seq.). The debtors claim an exemption in silverware, having a market value of $800, and other personal property having a market value of $2,645.

S.C. Code § 15–41–200 (Supp.1986) allows each debtor to exempt up to $2,500. (or $5,000. for both debtors) in household goods held primarily for personal, family or household use.

Without considering the value of the silverware, and using their estimates, the debtors may exempt additional property in this category, up to a value of $2,355.

The trustee and the debtors have stipulated that the silverware is worth less than $2,300. Accordingly, the combined value ($3,445.) of the silverware and the other personal property falls below the aggregate dollar maximum ($5,000.).

This silverware is used by the debtors primarily for personal use; it is also used by the debtors when hosting business entertainment.

### DISCUSSION AND CONCLUSION

South Carolina has opted out of the bankruptcy exemptions set forth in 11 U.S.C. § 522. *See,* S.C. Code § 15–41–425 (Supp.1986) and 11 U.S.C. § 522(b)(1).

■ In determining the scope of exemptions a bankruptcy court must look to state law. *In re Love,* 42 B.R. 317 (Bkrtcy.E.D. N.C.1984).

■ Bankruptcy exemptions are to be construed liberally in favor of the debtor. *See, Hyman v. Stern,* 43 F.2d 666 (4th Cir.1930).

■ The party objecting to a claimed exemption has the burden of proving that the exemptions are not properly claimed. Bankruptcy Rule 4003(c).

■ The debtors claim the exemption in the debtors' silverware pursuant to South Carolina Code § 15–41–200(3) (Supp.1986), an analysis of which reveals the following requirements which must be met in order for the property to be exempt:

1. The debtors must have an interest in the property;

2. Each debtor's interest in the property must not exceed $2,500. in aggregate value;

3. The property must be household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments;

4. The property must be held primarily for the personal, family or household use of the debtor.

### I

The debtors claim an ownership interest in the silverware and it appears that they do have such an interest.

### II

The parties have stipulated that the value of the silverware is less than $2,300., thus below the aggregate maximum dollar amount allowed the debtors—even after including the value of all other personal property claimed as exempt.

### III

The trustee asserts that the § 15–41–200(3) requirement—numbered 3 above—has not been met, because the silverware is a luxury item, not a household good.

*In re Beard,* 6 B.C.D. 786, 5 B.R. 429 (Bkrtcy.S.D.Iowa 1980) stated that "[h]ousehold furniture applies only to those vessels, utensils, or goods which are designed for use in the family as instruments of the household, and for conducting and managing household affairs. ... [h]ousehold goods is a wider term than furniture including everything about the house that is usually held and enjoyed therewith, and that tends to the comfort and accommodation of the household." *Beard,* 6 B.C.D. at 787, 5 B.R. at 430.

In *Boyer v. ITT Financial Services (In re Boyer),* 63 B.R. 153, 159, 15 C.B.C.2d 457, 465 (Bkrtcy.E.D.Mo.1986), the court held that, "[h]ousehold goods include more than items that are indispensable to the bare existence of a debtor and his family. Items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included."

*In re Teston,* Case No. 81–00441, Complaint No. 81–0337 (Bkrtcy.D.S.C. November 3, 1981) dealt with the issue of whether the debtors' component stereo system consisting of a receiver, turntable, amplifier, two tape recorders, acoustic equalizer and preamplifier constituted household goods or furnishing under the federal exemption statute which was in effect at that time. In resolving the issue, the court quoted *In re Coleman,* 5 B.R. 76, 79 (M.D.Tenn.1980) which stated that:

> [T]he phrases 'household furnishings' and 'household goods' as used in subsections (d) and (f) of 11 U.S.C. § 522 should be given a liberal construction to include any personal property normally used by debtors or their dependents in or about their residence. These phrases include home entertainment items, such as a stereo system, regardless of how elaborate.

The court in *Teston* held that the stereo system was a household good and as such as exempt.

*In re Young,* Case No. 85–02371 (Bkrtcy. D.S.C. February 3, 1986) the issue was whether a camera, a ten- speed bicycle, and a twelve-gauge shotgun constituted exempt household goods so as to enable the debtor to avoid, under 11 U.S.C. § 522(f)(2), the nonpossessory, nonpurchase-money lien thereon. The court held that "the property constituted recreational items, and not items necessary to provide the debtor with a 'fresh start', and is not household goods...." *Id.*

The holding in *Young* should be limited to the three items of personal property described therein.

The debtors' silverware is personal property customarily utilized by the debtors in their residence, and is convenient and useful in affording them a reasonably comfortable existence; therefore, the silverware is within the scope of the term "household goods".

## IV

As to the final requirement that the property be held primarily for the personal, family or household use of the debtors, the evidence is that the silverware is used by the debtors in their personal and business dining and entertainment of guests in their home.

## CONCLUSIONS

The trustee has not met his burden of proving that the exemption claimed in the silverware is not allowable.

The silverware is exempt under S.C. Code § 15–41–200(3) (Supp.1986).

## ORDER

For the foregoing reasons, it is

ORDERED, ADJUDGED AND DECREED that the trustee's objection to the debtor's claim of an exemption in the silverware should be, and it hereby is, overruled.