**In re Francis BRESNAHAN and Carol Bresnahan, Debtors.**

**Bankruptcy No. 95–30213.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

June 16, 1995.

---

Townsend Foster, Jr., Troy, OH, for Trustee.

Robert C. Johnston, Shipman, Dixon & Livingston Co., L.P.A., West Milton, OH, for debtors.

## DECISION AND ORDER DENYING "TRUSTEE'S OBJECTION TO EXEMPTION"

WILLIAM A. CLARK, Chief Judge.

Before the court is the "Trustee's Objection to Exemption" (Doc. # 15). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### FACTS

Francis Bresnahan ("debtor") is a retired civilian employee of the United States Air Force and receives $15,360 a year in retirement income from the Air Force, payable on December 31 of each year. On December 31, 1994, debtor received his yearly retirement payment, and such funds were placed in a personal checking account. On January 24, 1995, the debtor and his spouse filed a petition in bankruptcy pursuant to chapter 7 of the Bankruptcy Code. At the time of filing his petition in bankruptcy, approximately $7,000 of the debtor's retirement income remained in the checking account.

Debtor has claimed the entire $7,000 as exempt property under Ohio Rev.Code § 2329.66(A)(10)(b) which exempts a person's right to receive pension payments. The trustee has objected to the debtor's claim of exemption on the ground that the $7000 is no longer exemptible as a *right* to receive a pension payment because the debtor received

the funds prior to filing his petition in bankruptcy and deposited them in a checking account.[1]

### CONCLUSIONS OF LAW

 The trustee in bankruptcy asserts that under 11 U.S.C. § 541(c)(2)[2] a debtor's retirement fund is not part of a debtor's bankruptcy estate, but once a distribution is made and placed in a checking account it becomes "cash" and is, therefore, property of a debtor's estate under 11 U.S.C. § 541(a). As a result, the trustee maintains that the issue before the court is not one of exemption but whether the $7,000 is property of the estate.

The debtor contends that retirement funds are exempt under Ohio law and continue to be exempt even after the debtor has received such funds and placed them in a checking account. The issue before the court is whether the remainder ($7,000) of the debtor's pension fund distribution is exempt property under Ohio law.

Section 541 of the Bankruptcy Code provides that the commencement of a bankruptcy case creates an estate, and that, in general, such estate is comprised of all legal or equitable interests of a debtor as of the commencement of the case. 11 U.S.C. § 541(a)(1). Although the corpus of the debtor's pension plan is not part of the debtor's bankruptcy estate because of a restriction upon its transferability, 11 U.S.C. § 541(c)(2), transferability by the debtor of the $7,000 in his checking account is not restricted and, therefore, the $7,000 became part of the debtor's bankruptcy estate upon the filing of his petition in bankruptcy. This, however, does not end the court's inquiry. Once property is determined to be part of a debtor's estate, "[t]he debtor may remove [certain] property from the bankruptcy estate and thereby place the same beyond the reach of creditors by claiming exemptions." *Galvan v. Galvan (In re Galvan)*, 110 B.R. 446, 449 (9th Cir. BAP 1990).

---

1. The trustee in bankruptcy does not contend that the debtor's right to receive future payments is part of the debtor's bankruptcy estate.

2. "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

■ Although the Bankruptcy Code contains a set of federal exemptions, "Ohio has 'opted out' of the federal exemptions (§ 522(d)) and enacted its own exemption statute, Ohio Rev.Code Ann. § 2329.66 (Anderson 1987). Accordingly, the applicable provisions of the Ohio exemption statute provide the basis for determining the extent of the debtors' exemptions." *Matter of Young,* 93 B.R. 590, 593 (Bankr.S.D.Ohio 1988). In short, in determining the scope of the debtor's exemptions, this court must look to state law. *In re Shaffer,* 78 B.R. 783, 784 (Bankr.D.S.C.1987).

■ The debtor claims that the $7,000 in his checking account is exempt under Ohio Rev.Code § 2329.66(A)(10)(b), which provides that:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> ....
>
> (10)(b) Except as provided in sections 3111.23 and 3113.21 of the Revised Code, the person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit-sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents....

Testimony received at the hearing in this matter clearly established that the $7000 is reasonably necessary for the support of the debtor and his spouse. The critical question is whether the pension distribution, having been placed into a checking account, retains its exempt status under Ohio law.

The Supreme Court of Ohio has stated that "*statutorily exempt funds* do not lose their exempt status when deposited in a personal checking account." *Daugherty v. Central Trust Co.,* 28 Ohio St.3d 441, 504 N.E.2d 1100, 1103 (1986) (emphasis supplied). Although the precise question before the Ohio

Supreme Court was "whether *personal earnings* which are exempted by R.C. 2329.66 from execution, garnishment, attachment or sale by judgment creditors retain their statutory exemption when deposited in a bank checking account," *Id.* at 1101 (emphasis supplied), this court believes that the rationale of *Daugherty* is equally applicable to other types of statutorily exempt funds, such as exempt retirement funds.

That statutory language [Ohio Rev.Code § 2329.66(A) ] strongly indicates that exempted earnings are to remain exempt even *after* receipt by an employee.... [I]n contrast to the Consumer Credit Protection Act, the General Assembly apparently did intend to restrict creditors' access to exempt wages by providing for protection from attachment of such monies while in the hands of the employee....

The better view, which is consistent with the language of R.C. 2329.66(A), is that statutorily exempt funds do not lose their exempt status when deposited in a personal checking account.... The legislature's purpose, in exempting certain property from court action brought by creditors, was to protect funds intended primarily for maintenance and support of the debtor's family. (citation omitted) This legislative intent would be frustrated if exempt funds were automatically deprived of their statutory immunity when deposited in a checking account which a depositor commonly maintains in order to pay by check those regular subsistence expenses he incurs.

... [W]e therefore ... hold that personal earnings exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order pursuant to R.C. 2329.66(A)(13) retain their exempt status when deposited in a personal checking account, so long as the source of the exempt funds is known or reasonably traceable. *Id.* at 1103.

■ The linchpin in the trustee's position is that the debtor's exemption rights must be predicated upon the present form of the debtor's retirement distribution, i.e., money

on deposit with a bank.[3]

 Under the rationale of *Daugherty,* however, this court is not restricted to examining the retirement fund distribution as it currently exists but should take into consideration its previous form. Therefore, under *Daugherty* the court finds that the retirement fund distribution made to the debtor has retained its statutory exemption from judicial process when deposited in the debtor's personal checking account.

For the foregoing reasons, it is hereby ORDERED that the trustee's objection to the debtor's claim of exemption for the prepetition distribution from the debtor's retirement fund is DENIED.

IT IS SO ORDERED.

**3.** Ohio Rev.Code § 2329.66(A)(4)(a) provides that a debtor is entitled to an exemption of $400 for "money on deposit with a bank."